# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### MAY 1997 SESSION

**FILED**

**July 25, 1997**

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| | ) | |
| Appellee, | ) | C.C.A. No. 03C01-9608-CR-00314 |
| | ) | |
| vs. | ) | Knox County |
| | ) | |
| **YVONNE BURNETTE, ALIAS,** | ) | Honorable Ray L. Jenkins, Judge |
| | ) | |
| Appellant. | ) | (Probation Revocation) |
| | ) | |

FOR THE APPELLANT:

MARK E. STEPHENS
District Public Defender

PAULA R. VOSS (Appeal)
DAVID GALL (Hearing)
Assistant Public Defenders
1209 Euclid Avenue
Knoxville, TN 37921

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General & Reporter

GEORGIA BLYTHE FELNER
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

RANDALL E. NICHOLS
District Attorney General

LEON FRANKS
Asst. District Attorney General
P.O. Box 1468
Knoxville, TN 37901-1468

OPINION FILED: _____

**AFFIRMED**

CURWOOD WITT
JUDGE

**OPINION**

The appellant, Yvonne Burnette, appeals the Knox County Criminal Court's revocation of her probationary sentence. As a result of the probation revocation, she is currently serving her 8 year sentence for sale of cocaine, a Class B felony, in custody of the Department of Correction. In this appeal, she contends the trial court abused its discretion in revoking her probation. Having reviewed the record of the proceedings below, we find no reversible error and affirm the judgment of the lower court.

The appellant was convicted of sale of cocaine following her guilty plea on January 5, 1994. On March 30, 1994, she was given a sentence of 8 years in the Department of Correction, suspended in favor of probation. A fine and court costs were assessed. On January 31, 1995, a probation violation warrant was issued for the appellant based on her alleged failure to make payments toward her court costs and to comply with community service requirements. Counsel was appointed. The Knox County Criminal Court thereafter dismissed the warrant, apparently after the appellant furnished proof of a medical condition excusing her failure to comply with the terms of probation. A second warrant was issued on February 15, 1996, this time alleging the appellant had broken several rules of probation, including failing to obey the law (having been arrested for DUI, failure to appear and criminal trespass), falsely representing that she had not had any contact with law enforcement officers, failing to report to her probation officer as instructed, using intoxicants to excess, and failing to pay probation fees. Counsel was appointed, and the matter came on for hearing on March 22, 1996.

At the probation revocation hearing, the state presented evidence of DUI and criminal trespass convictions the appellant received since beginning her probationary term, her failure to report multiple new criminal charges since being placed on probation, her false statements that she had not had contact with law enforcement officers, the difficulties the probation officers had in getting her to

2

report twice a month, her failure to pay the funds owed, and her failure to report a change of address.[1] The appellant admitted she had violated the terms of her probation by committing other crimes; however, she generally denied the other allegations. She testified she did not understand she had to report any subsequent charges unless she ultimately received a conviction, she was never told she had to report to her probation officer more than once a month, she had not moved from the address given the probation officer, and she had been unable to pay court costs because she had undergone surgery. The appellant acknowledged she had not complied with all of the terms of probation and asked the court for a second chance. The trial court revoked probation, reasoning, "There is a point at which the patience and understanding of the trial court is exhausted, and we've reached it in this case. Let the probation be revoked, required to serve the complete sentence."

In her appeal, the appellant pleads for a second chance at a non-incarcerative sentence due to her family obligations and substance abuse problems,[2] notwithstanding her admitted violation of the terms of probation. In that vein, she urges us to consider the objectives of the Criminal Code and the Sentencing Act and impose a measure less severe than incarceration, such as more stringent terms of probation.

The standard of review upon appeal of an order revoking probation is the abuse of discretion standard. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). In order for an abuse of discretion to occur, the reviewing court must find that the record contains no substantial evidence sufficient to support the conclusion of the trial judge that the violation of the terms of probation has occurred. Harkins, 811 S.W.2d at 82; State v. Delp, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980).

[1]The appellant's alleged failure to notify her probation officer of a change of address was not alleged in the warrant.

[2]The record is devoid of proof of any substance abuse problem other than the fact that the appellant had been convicted of sale of cocaine and DUI. The issue of the appellant's "problems with drugs and alcohol" is raised only in the appellant's brief.

The trial court is required only to find that the violation of probation occurred by a preponderance of the evidence. Tenn. Code Ann. § 40-35-311(d) (Supp. 1996). Upon a finding of a violation, the trial court is vested with the statutory authority to "revoke probation and suspension of sentence and cause the defendant to commence the execution of the judgment as originally entered." Tenn. Code Ann. § 40-35-311(d) (Supp. 1996). Furthermore, when probation is revoked, "the original judgment so rendered by the trial judge shall be in full force and effect from the date of the revocation of such suspension." Tenn. Code Ann. § 40-35-310 (1990). The trial judge retains the discretionary authority to order the defendant to serve the original sentence. See State v. Duke, 902 S.W.2d 424, 427 (Tenn. Crim. App. 1995).

The defendant admitted violation of the terms of probation. This is substantial evidence of record to support the trial court's revocation order. See State v. Michael Emler, No. 01C01-9512-CC-00424, slip op. at 4 (Tenn. Crim. App., Nashville, Nov. 27, 1996) (where the defendant admits violation of the terms of probation, revocation by the trial court is not arbitrary or capricious); see also State v. Mitzi Ann Boyd, No. 03C01-9508-CC-00246, slip op. at 3 (Tenn. Crim. App., Knoxville, Nov. 1, 1996). The lower court was statutorily authorized to impose the original sentence upon revocation of probation. See Tenn. Code Ann. § 40-35-310 (1990). Contrary to the appellant's assertion, we are not required at this stage to reconsider the sentencing principles. State v. Howard Luroy Williamson, Jr., No. 02C01-9507-CC-00201, slip op. at 4 (Tenn. Crim App., Jackson, Sept. 30, 1996) (citation omitted). We note that the appellant has made minimal efforts, at best, to comply with the terms of probation and rehabilitate herself. Based on her track record, she gave the trial court no reason to believe her performance would improve.[3] We cannot say the trial court

---

[3]Particularly, we note that the appellant's medical excuse from her treating physician excused her from work for four to six months from March 10, 1995. The revocation hearing was held on March 22, 1996. The uncontradicted evidence at that time was that the appellant had neither performed any of her community service requirement nor paid her probation fees. She furnished the

4

abused its discretion in ordering the appellant to serve the terms of her original sentence, that is, eight years in the Department of Correction.

In reaching this conclusion, we do not disregard the appellant's arguments that the lower court relied on inappropriate authority as the basis for revoking probation[4] and failed to make findings of fact on the record.[5] Those issues are not dispositive of this appeal.

The judgment of the lower court is affirmed.

---

court with no additional medical documentation and provided no excuse for her behavior other than that she had been unable to work at the time of the previous revocation hearing because she had undergone three surgeries. Additionally, the appellant did not contradict the probation officer's testimony that she "has to be begged to come in to report" and shows up only when warned of her last chance to report.

[4]The court announced at the conclusion of the hearing it had "considered all the elements required to be considered in the Stiller case, without enumeration." This is likely a reference to Stiller v. State, 516 S.W.2d 617 (Tenn. 1974), which deals with the defendant's right to appeal a denial of probation at the time of sentencing. Although Stiller is not controlling of the issue that was before the lower court, the court's inapt citation to that case is harmless error. Tenn. R. App. P. 36(b); Tenn. R. Crim. P. 52(a).

[5]Due process requires the court conducting the probation revocation hearing to make findings of fact. Gagnon v. Scarpelli, 411 U.S. 778, 93 S. Ct. 1756 (1973); Delp, 614 S.W.2d at 397. In this case, the revocation order contains findings of fact that "the defendant has been guilty of violating the laws of this State, and has otherwise violated the conditions of her probation." While a more specific enumeration of how the appellant "otherwise violated the conditions of her probation" is preferable, any arguable deficiency is not prejudicial to the appellant in light of the specific finding she violated the laws of the state, which itself is a sufficient ground for revocation. Tenn. R. App. P. 36(b); Tenn. R. Crim. P. 52(a); see State v. Milton, 673 S.W.2d 555, 557 (Tenn. Crim. App. 1984) (probationer who was not prejudiced by procedural deficiencies at revocation hearing not entitled to reversal).

_____
CURWOOD WITT, JUDGE


CONCUR:


_____
JOSEPH B. JONES, PRESIDING JUDGE


_____
JOSEPH M. TIPTON, JUDGE