# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

## JANUARY 1998 SESSION

FILED

March 18, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | |
|---|---|
| **STATE OF TENNESSEE,** | ) |
| | ) C.C.A. No. 02C01-9701-CR-00035 |
| Appellee, | ) |
| | ) Shelby County |
| V. | ) |
| | ) Honorable Arthur Bennett, Judge |
| | ) |
| **ANTONIO S. MOORE,** | ) (Sentencing) |
| | ) |
| Appellant. | ) |

FOR THE APPELLANT:

J. C. McLin
Attorney at Law
301 Washington Ave., Suite 201
Memphis, TN 38103

Lee Wilson
Attorney at Law
200 Jefferson
Memphis, TN 38103
(At Trial)

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter

Georgia Blythe Felner
Counsel for the State
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

William L. Gibbons
District Attorney General

Perry Hayes
Assistant District Attorney General
201 Poplar Avenue, Suite 301
Memphis, TN 38103

OPINION FILED: _____

**MODIFIED**

**PAUL G. SUMMERS,**
Judge

# O P I N I O N

Antonio Moore, the appellant, pled guilty to possession of cocaine with intent to sell in an amount less than one-half of a gram. The appellant agreed to a three-year sentence, with the court to determine whether the appellant should receive probation. The court ordered the appellant to serve eleven months twenty-nine days in jail followed by two years of community corrections.[1] Appellant appeals, and the sole issue for our review is whether the court should have granted the appellant full probation. He requests a nonincarcerative alternative sentence.

The appellant was a passenger in a vehicle that was stopped for speeding by the police. The police officer observed a plastic bag on the floor of the vehicle which contained approximately fourteen grams of crack cocaine. The appellant testified that he purchased the cocaine to sell because he needed quick money to buy an air conditioning machine for use in his work. The appellant testified that this was the first time that he had purchased cocaine and that someone was going to help him sell it.

The appellant is a first time offender who pled guilty to a Class C felony. He is presumed, absent evidence to the contrary, to be a favorable candidate for alternative sentencing options. Tenn. Code Ann. § 40-35-102(5) & (6) (Supp. 1995). The appellant was sentenced to split confinement, an alternative to straight confinement. The appellant contends, however, that he should have been granted full probation. The appellant is eligible for probation. Tenn. Code Ann. § 40-35-303(a) (Supp. 1994).

---

[1]The judgment sheet and transcript conflict on the exact sentence. We view the transcript as controlling. We view this as a three-year split sentence. State v. Moore, 814 S.W.2d 381, 383 (Tenn. Crim. App. 1991).

When an appellant challenges the manner of service of a sentence, this Court reviews the evidence de novo with a presumption that the determinations of the trial court are correct. Tenn. Code Ann. § 40-35-401(d) (1990). The presumption of correctness is conditioned upon an affirmative showing that the trial court considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). Our review consists of an analysis of the evidence at the sentencing hearing, the presentence report, the principles of sentencing, the arguments of counsel, the nature and characteristics of the offense, mitigating and enhancement factors, the defendant's statements and the defendant's potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102 (Supp. 1994),-103(1990),-210 (Supp. 1992); Ashby, 823 S.W.2d at 169.

When deciding a defendant's suitability for probation, the trial court should consider the accused's criminal record, social history, present physical and mental condition, the nature and circumstances of the offense, the deterrent effect on others, and the defendant's potential for rehabilitation. Stiller v. State, 516 S.W.2d 617, 620 (Tenn. 1974). A sentence of confinement must be based upon the following considerations: (1) confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct; (2) confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or (3) measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant. Tenn. Code Ann. § 40-35-103(1)(A),(B) & (C) (1990).

The appellant is twenty-three years old. He has no criminal record. He graduated from high school and attended Kansas Vocational Technical

Institution and the Climate Control Institution. The appellant has a universal technician's license in heating and air conditioning. The appellant has been employed in this field by Harold Robinson for over two years. Mr. Robinson testified that the appellant works anywhere from ten to fifty hours a week depending on the time of year. Mr. Robinson testified that the appellant was a dependable employee, and he would continue to employ the appellant if he was granted probation. The appellant also works at the Crowne Plaza Hotel doing maintenance and air conditioning work. He testified that he works a total of between fifty and eighty hours per week.

The appellant lives with his mother, grandfather, and grandmother. The appellant's mother and grandfather testified that he had not caused any problems before this offense and that he was obedient to them. They testified that the appellant was remorseful about committing the offense. They testified that if he was granted probation, they would do all that they could to help him. The appellant assists his family financially.

The appellant admitted to smoking marijuana since he was arrested in this case. The presentence report indicates that the appellant was charged with a drug offense involving cocaine when he was a juvenile. This charge was not mentioned at the sentencing hearing. The state, the appellant, and the court agreed that the appellant had no criminal history.

The trial judge denied probation based on the appellant's untruthfulness, the nature of the offense, deterrence, and the avoidance of depreciating the seriousness of the offense. We are acutely aware that issues of credibility rest with trial court; however, we find that the evidence preponderates against the weight placed on this factor by the court. The trial court did not believe that this

-4-

was the first time that the appellant had purchased cocaine. The court said that it was unreasonable that a first time buyer would purchase that much cocaine without knowing whether he could sell it or not. The court also cited the appellant's testimony that he was going to throw the cocaine away because he thought that it was no good. Throughout the proceedings against him, and repeatedly at the sentencing hearing, the appellant admitted that he purchased the cocaine with the intent of selling it. He testified to how and from whom he purchased the cocaine. The appellant was clearly truthful about his guilt. From our review of the entire record, we conclude that untruthfulness is not a factor upon which to deny a nonincarcerative sentence in this case.

The court expressed concern about whether a sentence of probation would have a deterrent effect on "large dope dealers." There is an element of deterrence in every criminal case. State v. Bonestel, 871 S.W.2d 163, 169 (Tenn. Crim. App. 1993). "Before a trial court can deny probation on the ground of deterrence, there must be some evidence contained in the record that 'the sentence imposed will have a deterrent effect within the jurisdiction.'" Id. (citation omitted); see State v. Ashby, 823 S.W.2d 166, 170 (Tenn. 1991) ("[t]he finding of deterrence cannot be conclusory only but must be supported by proof."). There is no evidence in the record that sentencing the appellant to full imprisonment will deter others in his community from selling cocaine. As stated by the trial court, cocaine use is a serious problem in all communities. However, absent specific evidence in the record, we must be content that the serious nature of drug offenses and the need for deterrence is reflected in the sentences and policies expressed by the legislature in the Criminal Sentencing Reform Act of 1989.

The trial court was also concerned about the nature of the offense and depreciation of the seriousness of the offense. In short, the court stated "The sale of cocaine is too serious in all communities...to turn your back on a person who has a large amount for sale. That's when you need to do some time." When addressing the nature or seriousness of the offense, we are considering whether incarceration is necessary to avoid depreciating the seriousness of the offense. See State v. Zeolia, 928 S.W.2d 457, 462 (Tenn. Crim. App. 1996).

The nature and seriousness of the offense is but one of a number of considerations that must guide the court in determining whether to grant probation. State v. Byrd, 861 S.W.2d 377, 380 (Tenn. Crim. App. 1993). Before the nature of the offense alone warrants a probation denial, the act must be "especially violent, horrifying, shocking, reprehensible, offensive, or otherwise of an excessive or exaggerated degree," and the nature must outweigh all other factors. Id. (citing State v. Travis, 622 S.W.2d 529, 534 (Tenn.1981)). While the amount of cocaine in the appellant's possession was substantial, he has no criminal record; he has an education; his employment history is steady and productive; his home environment is stable; he has a good relationship with his family; and he has no notable social, physical, or mental conditions which would bear upon his probation suitability. Thus, we conclude that the nature of the offense alone does not support the judge's decision. See State v. Cummings, 868 S.W.2d 661 (Tenn. Crim. App. 1992); State v. Ashby, 823 S.W.2d 166 (Tenn. Crim. App. 1991).

Despite the assistant district attorney's comparison of the appellant to Jeffrey Dahmer in closing argument, the appellant does not fit the profile of the criminal for whom incarceration is the "first priority" as provided in Tennessee Code Annotated § 40-35-102(5). Nor has he been the subject of failed

rehabilitative measures. The appellant's criminal conduct is nonviolent, and he shows good potential for rehabilitation. The appellant meets all the minimum criteria of eligibility for punishment in a community-based alternative program. Such punishment is not exactly what either side requests, but it fits the appellant's life record and offense.

The judgment of the trial court is modified; the appellant is sentenced to three years under the supervision of the Community Corrections Department. Such a sentence will give the appellant the opportunity to prove himself. If he is not successful, he may wish that he had served his original sentence and not requested an alternative.

_____
PAUL G. SUMMERS, Judge

CONCUR:

_____
DAVID G. HAYES, Judge

_____
JOE G. RILEY, Judge