Louis J. Capozzoli, J.
Petitioner seeks a review by this court of the action of the respondent, the Commissioner of Parks of the City of New York, which revoked petitioner’s written license to operate a summer theatre and present theatrical productions on the site of the “ Wohlman Memorial Skating Rink ”, in Central Park.
Petitioner’s operation under the license was subject to the power of revocation by the respondent commissioner, as provided in the agreement. Within its terms there is found: ‘ ‘ 1. The Commissioner hereby grants to licensee * * a license to present a series of theatrical productions during the summer seasons of 1957, 1958, 1959 and 1960, unless sooner terminated as herein provided, or unless Commissioner, by thirty (30) days notice in writing shall terminate the license, when, in his sole judgment, * * * he deems that the licensed premises are required for a paramount park or other purpose ”. (Emphasis supplied.)
The authority of the respondent commissioner in the management and control of all parks is found in the New York City Charter, more particularly section 532. Under section 534 of the charter the respondent commissioner has the power to establish and enforce rules and regulations for the parks. Pursuant to such authority, the respondent commissioner promulgated rules for the exhibition of dramatic performances, operas, plays, farce, dancing entertainment or show of any kind or nature and the power is retained within the respondent commissioner himself, in his discretion, to issue a permit for such use when he deems it proper. (See Park Department Rules, rule 21.)
On April 2, 1958, more than 30 days preceding the date scheduled for the opening of the 1958 season, respondent commissioner notified petitioner, by registered mail, that its license was revoked, and, amongst the reasons given by him for such revocation, was the following: “1. We have decided to use the premises for other park and recreational purposes which will be more beneficial and advantageous to the general public.”
It is true that, in this same letter, other reasons were given. However, the court does not deem it necessary to discuss those other reasons at length, because, in its opinion, the evidence submitted at the argument of this motion, in the form of affidavits, letters, etc., is sufficient upon which to make the determination that the petition should be dismissed.
There is nothing before the court which indicates capricious conduct on the part of the respondent commissioner, nor that he has acted beyond the scope of his authority, or arbi *260 trarily. It is well settled that in the absence of clear and convincing proof that a public official has acted arbitrarily, unreasonably or capriciously, his action will be sustained. (Dieppe Corp. v. City of New York, 246 App. Div. 279; Matter of Haim v. O’Connell, 195 Misc. 612; McEwan v. Brod, 91 N. Y. S. 2d 565.)
In. Matter of Haim v. O’Connell (supra, p. 615) the court said: Arbitrary, unreasonable and capricious, are terms which hold a close kinship and have been used in the same sense. Basically it is held to occur when one’s action is based on no sound basis of reason and a will to rule without due regard to facts ”.
This court cannot say that the action of the respondent commissioner comes within the condemnation of the law as it exists. He, and he alone, has the power to decide whether the licensed premises should be used for a paramount park or other purposes. The petitioner must have known, when he entered into the agreement resulting in the license, that the respondent commissioner’s “sole judgment” was determinative of the issue.
Of course, the court is mindful that these two words contemplate the action of a reasonable man. They would not give authority for completely irresponsible behavior, illegal, capricious or arbitrary, but there is no evidence whatever that the action of the respondent commissioner was not the action of a reasonable person. As a matter of fact, assuming that the court might have come to a different conclusion than that of the respondent commissioner, upon the facts before him, there still would be no warrant in law for it to interfere with that determination.
It is true that the respondent commissioner did cite other reasons, some of which would come within the terms of paragraph 15. However, admitting that the respondent commissioner failed to comply with the terms of this latter paragraph, insofar as the other reasons for the cancellation were concerned, it does not follow that he did not have the power to exercise his right of cancellation under paragraph 1 of the licensing agreement, if he really believed that, in view of the history of the use made by the petitioner of the space in question, a better use of that space might be made, which, in the judgment of the respondent commissioner, would better serve the public.
Under all the circumstances disclosed in this record, the court is compelled to dismiss the petition.
Petition dismissed.
*261 (Reargument.)
The letter of the attorney for the petitioner dated November 24,1958 will be treated by this court as an application for reargument. The contention of the petitioner that the cancellation by the respondent without specifically setting the date as to when the cancellation would be effective, was a violation of the agreement and arbitrary, is answered by the case of Gallo v. Mayor (15 App. Div. 61, 63). In the last-cited case the court said: “ This notice was not in the form of that contemplated by the terms of the contract, as it did not specify a day at least ten days subsequent to the time of service, for the termination of the contract. But, in view of the fact that it was within the power of the commissioner to put an end to the contract on ten days’ notice, it would seem that such must be deemed to have been the consequence of this notice ”.
Application for reargument denied.