John V. STILLER, Petitioner,

v.

STATE of Tennessee, Respondent.

Supreme Court of Tennessee.

Nov. 12, 1974.

J. Harvey Cameron, Kelly & Cameron, South Pittsburg, for petitioner.

David M. Pack, Atty. Gen., Alex B. Shipley, Asst. Atty. Gen., Nashville, J. William Pope, Jr., Dist. Atty. Gen., Pikesville, for respondent.

## OPINION

HENRY, Justice.

This case involves the right of appellate review of the action of a trial judge in suspending sentences and granting probation.

John V. Stiller, formerly President of the First National Bank of Tracy City, was sentenced in the Circuit Court of Grundy County to four (4) concurrent terms of not less than three (3) nor more than ten (10) years, in the State Penitentiary, upon his plea of guilty to four (4) indictments charging him with forgery of bank notes in the aggregate amount of $26,000.00, embezzlement of $65,740.00 and making false entries showing fictitious loans aggregating $45,000.00.

Subsequent to his conviction, a pre-sentence investigation was made and thereafter a hearing was held, as a result of which the trial judge, acting pursuant to §

40–2901 et seq., T.C.A., suspended the sentence in each case and placed the petitioner on probation for a period of ten (10) years.

Aside from the usual conditions of probation, the order in each case recited that bond would remain at $15,000.00 during probation and that "full restitution must be made for all funds taken from 1st National Bank of Tracy City within one year".

The District Attorney General resisted the suspension and probation and an appeal was taken to the Court of Criminal Appeals predicated upon the single assignment of error that the trial court erred in ordering the sentences suspended.

The Court of Criminal Appeals, in a split decision, reversed the trial judge, holding that he was not justified in suspending Stiller's sentence and placing him on probation, and abused his discretion in doing so.

We granted certiorari and have heard oral argument.

The threshold question for our determination is whether the action of the trial judge, in suspending the sentence of a criminal defendant and placing him on probation, is subject to appellate review.

Trial judges were given the authority to suspend sentences and/or parole defendants in certain cases by Chapter 76 of the Public Acts of 1931. Sec. 2 of that Act, (Sec. 40–2904, T.C.A. main volume) provided, in part, as follows:

" . . . . . the Trial Judge shall consider the matter and may *in his discretion* suspend sentence and/or parole such defendant, and *his exercise of discretion in such matter shall not be reviewable by the appellate courts."* (Emphasis ours)

The above section was stricken by Chapter 95 of the Public Acts of 1961 and a new section (40–2904, T.C.A.) was added which reads, in part:

"The power of suspension and probation is within the *sole discretion* of the Trial Judge, . . . " (Emphasis ours)

The State urges that the fact that the Legislature struck from the Section, the provision that the trial judge's exercise of discretion in such matter "shall not be reviewable by the appellate courts" and inserted language providing that the matter is within his "sole discretion" is a clear indication of the legislative intent to allow appeals in such cases.

It is in the public interest that this Court fully construe the meaning and significance of the language, "the power of suspension and probation is within the sole discretion of the Trial Judge".

We first look to the right of a criminal defendant to appeal from the action of the trial judge in declining to suspend sentence and award probation. We realize that this precise question is not before the Court; however, in our view, consideration of it is necessary in the interest of an orderly discussion and in order that a complete construction be made for the guidance of the Bench and Bar.

In order to invoke the aid of the statute and to be eligible for its benefits the defendant must have been convicted of a misdemeanor or a felony, the maximum punishment for which does not exceed ten (10) years. (Sec. 40–2901, T.C.A.)

The defendant in this case stands convicted of a felony. His presumption of innocence has been replaced by the establishment of guilt. He faces punishment. He seeks preferment. He petitions for a privilege. He asks for an act of grace. He has no demandab⊾ right to relief. He has no right to insist on terms or to strike a bargain. Hooper v. State, 201 Tenn. 156, 297 S.W.2d 78 (1956).

He has the right to petition the court for probation, the right to a full and fair evidentiary hearing and the right to all the

procedural requirements contained in or necessarily contemplated by the statutory scheme.

■ Since probation is a privilege to be conferred after a determination of the circumstances of the offense, the defendant's criminal record, his social history, his present condition and, where appropriate, his physical and mental condition, we hold that the decision of the trial judge denying probation is binding and is not subject to appellate review, at his instance, so long as the rights above outlined are fully accorded, and the action of the trial judge is not capricious, arbitrary or palpably abusive of his discretion.

We find no Tennessee case precisely in point; however, the majority, if not all jurisdictions allow the defendant to appeal.

For recent cases in which suspended sentence was denied but the defendant was allowed to appeal on an assignment of abuse of discretion, see State v. Cornwall, 95 Idaho 680, 518 P.2d 863 (1974) and State v. Ward, 191 Neb. 421, 216 N.W.2d 163 (1974). For cases in which the appellate courts found an abuse of discretion, see People v. Michaels, 2 Ill.App.3d 658, 275 N.E.2d 669 (1971) and People v. Greene, 36 A.D.2d 826, 321 N.Y.S.2d 237 (1971).

The trial judge is authorized to suspend the sentence and place the defendant on probation *subject to such conditions as he may deem fit to impose.*

■ Once the trial judge determines that probation is justified under the circumstances, the conditions imposed must be reasonable and realistic and must not be so stringent as to be harsh, oppressive or palpably unjust. The defendant has a right to appellate review to seek relief from, or modification of, such conditions.

■ The entire theory of probation is that it is in the public interest that those *who violate society's rules of conduct* should, in proper cases, be given an opportunity to rehabilitate themselves and to be restored to useful and productive citizenship. More and more our, society is coming to realize that "warehousing" criminals on an indiscriminate basis is financially, socially and morally unacceptable.

However, this concept contemplates that probation be restricted to those who are worthy of this largesse of the law.

■ The District Attorney General, on the trial level, and the State Attorney General, on the appellate level, not only have solemn obligations to espouse the causes of the meritorious petitioner, but also to protect and promote the public welfare by standing in unalterable opposition to the unworthy.

■ If the action of the Court is out of harmony with the tone and tenor of our probation laws to such an extent that the court's action may be branded as arbitrary or capricious or as palpably abusive of its discretion, the State may pursue appellate review.

In either event, the words *sole discretion* present no legal obstacle.

We are cited to no Tennessee cases in point and our investigation has disclosed none. We do find analogous decisions from other jurisdictions.

In a case decided under New Jersey law, where a settlor of a trust designated the trustee as *sole* judge of the needs of a beneficiary, the court held that this did not obviate the necessity of exercising his judgment in an honest manner or relieve him of the duty to act in good faith and with a proper motive. Funk v. C. I. R., 185 F.2d 127 (3rd Cir. 1950).

In Lucas v. Lucas, Tex.Civ.App., 365 S.W.2d 372, another trust case, the court held that a provision authorizing trustees to make payments in their *sole discretion* did not enable the trustee to exercise his discretion in an arbitrary manner.

The authority given to a public official to act in his *sole judgment* contemplates

the action of a reasonable man and does not give authority for completely irresponsible behavior. Theatre Festival, Inc. v. Moses, 16 Misc.2d 258, 181 N.Y.S.2d 364 (1958).

An act authorizing a race track to refuse admission and eject patrons in *sole judgment* of licensee means that the judgment cannot be exercised in a capricious, arbitrary and unreasonable manner. Tamelleo v. New Hampshire Jockey Club, 102 N.H. 547, 163 A.2d 10 (1960).

The rationale of these cases appeals to us.

Our conclusion is bolstered by the fact that the structure of our judicial system, with the trial courts at the base of the pyramid, contemplates appellate review. We do not believe the Legislature intended to make trial judges completely autonomous or that sound public policy would permit such broad conference of unbridled authority.

The defendant next insists, under the authority of State v. McCandless, 208 Tenn. 103, 343 S.W.2d 907 (1967) that the trial judge should be affirmed because of the failure of the State to file a motion for a new trial.

At the outset we should state that this Court is committed to the proposition that Tennessee's system of appellate review is unnecessarily technical and tedious, places an undue burden upon counsel and the court and is sometimes prejudicial to the rights of litigants.

■ The tendency of our law is to eliminate the necessity for motions for new trials in cases tried by the court without the intervention of a jury and as to matters presented to and determined by the court after the conclusion of the trial.

A motion for a new trial is not necessary in a civil case in order to obtain appellate review of the action of the court in granting a directed verdict. Rule 50.05, Tennessee Rules of Civil Procedure.

The motion is not necessary as a prerequisite to review any civil case tried without the intervention of a jury. Sec. 27–303, T.C.A.

■ We, accordingly, hold that a motion for a new trial was not a necessary predicate for the review of this case.

■ We further hold that from this day forward a motion for a new trial shall not be necessary as a condition precedent to appellate review of any criminal case wherein the action complained of transpired after the rendition of the verdict or after the conclusion of the main trial.

All cases contra are overruled.

We come now to consider the matter of the action of the trial judge in this case.

The record reflects that the probation report upon which the trial judge based his decision, is not contained in the Bill of Exceptions, nor does it appear as a part of the technical record.

■ The majority opinion of the Court of Criminal Appeals proceeds upon the general basis that the "enormity of this defendant's crime" precluded the suspension of his sentences and placing him on probation. That this is a legitimate factor for the Court to consider is beyond question, but it is equally beyond question that it is but one of a number of considerations by which the Court must be guided in determining whether to grant or withhold suspension and probation. Other statutory considerations are the defendant's criminal record, social history, present condition and, in proper cases, his physical and mental condition. Presumably these matters were discussed in the probation report.

As we have heretofore observed, this report is not properly before this Court. Judge Russell, in his well-reasoned dissent, in this regard commented as follows:

"We do not have the full facts upon which this decision was made. The report and recommendation of the proba-

**622**

tion and parole officer is not before us. We can glean from the record that the defendant had been a man of considerable contribution to his community, that he voluntarily surrendered himself to authorities, that he had made nearly complete restitution of the large sum taken and was obligated and prepared to complete same, that he was convicted in federal court and fined $10,000.00 and placed on probation by that judge, that his thefts had caused him to incur an extra income tax liability of about $40,000.00, and that he now had a responsible job with an insurance company and is living within the law. That he has been disgraced and he and his family caused to suffer greatly is beyond dispute. His willingness to give himself up, and to plead guilty, are evidences of rehabilitation potential."

 We should observe, parenthetically, at this point that attaching the probation report as an appendix to the brief filed by petitioner's counsel not only is ineffectual to bring it to the attention of the Court, it is improper and we admonish counsel against a repetition of this procedure. Since the report is not properly before us, no member of the Court knows its contents.

In the absence of this substantial and significant portion of the record, which no doubt was most persuasive upon the trial judge, we are not in a position to evaluate his actions or to sit in judgment upon his exercise of his statutory discretion.

The whole horizon of criminal justice is dotted with discretion—from whether to arrest; whether to allow bail and how much; whether to prosecute and for what; whether to plea bargain and what to accept or to reject; whether to convict; whether the amount of the punishment is sufficient; whether to probate; whether to parole—all of these discretionary aspects of the administration of justice depend upon a system of knowledgeable administration under standards of criminal justice that are effective, enlightened and fair. A review of any discretionary action, at any stage of the proceedings, wholly depends upon full knowledge of all the attendant facts and circumstances. From the record before us, we do not have that knowledge.

It is incumbent upon the party seeking appellate review of the action of the Trial Judge in granting or denying suspension of sentence and probation to prepare and file a Bill of Exceptions containing the probation report (in a sealed envelope) and a transcript of all proceedings had in connection therewith.

The judgment of the Court of Criminal Appeals is reversed and that of the trial court is affirmed and this case remanded for the continuing supervision of the probated petitioner.

FONES, C. J., and COOPER, BROCK and HARBISON, JJ., concur.