James R. SHEPARD, Appellant,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee.

Dec. 16, 1977.

Certiorari Denied by Supreme Court March 13, 1978.

Rehearing Denied April 10, 1978.

James V. Mondelli, Nashville, for appellant.

Brooks McLemore, Jr., State Atty. Gen., Robert E. Kendrick, Deputy State Atty. Gen., Victor S. Johnson, III, Asst. Dist. Atty. Gen., Nashville, for appellee.

OPINION

BYERS, Judge.

The Appellant seeks to have the judgment of the trial court denying him a suspended sentence reversed because of an alleged abuse of discretion.

The judgment of the trial court is affirmed.

The Appellant was given the rights contemplated by the statutory scheme of T.C.A. § 40–2904. He was allowed to file a petition for probation, was given a hearing thereon and a report by the Probation Department was made and considered by the court. *Stiller v. State*, 516 S.W.2d 617 (Tenn.1974).

The probation report and the evidence upon which the trial judge acted show the Appellant entered a plea of guilty to attempt to commit a felony in removing a stereo set from his employer and falsifying the records of the company to conceal his actions. The evidence of his social history shows that the Appellant had thirteen (13) different jobs from 1963 until May of 1972, that he is separated from his wife, that he entered a plea of guilty to petit larceny in 1970 after breaking a window of a jewelry store and removing some items therefrom, an offense for which he was placed on probation, and that he had not made restitution to his employer or paid on an account owed to the employer although he says he purchased more than one restaurant and tavern after his plea of guilty.

The Appellant makes the novel assertion that the trial judge put too much emphasis on his past record. When a trial judge makes a decision on probation, he is making a present conclusion on the likely future performance of the Appellant—a hazardous projection at best. Without discounting the nature of the present crime as an important signpost, the past of an applicant is the most reliable road map to his future. The failure or refusal of a decision maker to consider the route the applicant has previously traveled would be unwise.

The trial judge properly considered the present condition and past history of the Appellant in reaching his decision. His action herein is not arbitrary, capricious or an abuse of his discretion. *Ilgner v. State*, 537 S.W.2d 714 (Tenn.Cr.App.1975).

The judgment is affirmed.

DUNCAN AND TATUM, JJ., concur.