Kennon SUMMERLIN, Appellant,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee.

Feb. 15, 1979.

Certiorari Denied by Supreme Court
July 9, 1979.

Marvin P. Morton, Jr., Paris, for appellant.

William M. Leech, Jr., Atty. Gen., Jennifer Helton Small, Asst. Atty. Gen., Nashville, W. R. Kinton, Jr., Dist. Atty. Gen., Trenton, for appellee.

OPINION

O'BRIEN, Judge.

On May 17, 1978, defendant submitted guilty pleas on two charges of incest. The statutory penalty for this offense is confinement in the penitentiary for not less than five (5) years nor more than twenty-one (21) years. (T.C.A. Sec. 39–705). He was sentenced to serve five (5) years in each case. On the same date the court proceeded with a hearing on a previously filed motion for suspended sentence.

The evidence considered consisted of the testimony of petitioner, and his wife, a presentence report, and two evaluation reports from a psychiatrist attached to the Mental Health Center where defendant had been referred for psychiatric examination.

The complete statement of the court in the Bill of Exceptions denying the application for suspended sentence is as follows:

"Mr. Morton, this is one of those matters that is very difficult for the Court to determine what is the best. I have natural sympathy for the victims of this thing and for the whole family and for Mr. Summerlin himself. This is a crime that goes against all moral principles of our country and all sense of civil society as far as I'm concerned. I do not and will not at this time place the man on parole."

The order in the Technical Record pertaining to the suspended sentence sets out that the motion came on for hearing "upon the motion, probationary report, evidence introduced in open court, argument of counsel, and the entire record, from all of which the court finds said motion not to be well-taken, and therefore, disallowed."

The petitioner is not eligible for a suspension of sentence. T.C.A. Sec. 40–2901 specifically excepts from that privilege "those cases in which the defendant has been convicted of two (2) or more felonies for which the maximum sentence provided by law exceeds ten (10) years confinement in the State Penitentiary."

Were we otherwise able to consider the matter neither the trial judge's statement in the Bill of Exceptions, nor the order contained in the Technical Record recites sufficient reasons to enable this court to make a meaningful review of the denial of probation. The record should contain findings of fact of the trial judge respecting the criteria set out in the statutes, and case law for determining suitability for probation. T.C.A. Sec. 40–2904, *Stiller v. State*, 516 S.W.2d 617 (Tenn.1974); *Hooper v. State*, 201 Tenn. 156, 297 S.W.2d 78 (1956).

However we have reviewed the evidence in the record, including the pre-sentence report and the medical reports included as exhibits to the Bill of Exceptions. The testimony was very sparse, as was the information contained in the pre-sentence report. The medical reports are the only evidence to support the meager findings of the trial judge in the Bill of Exceptions. It appears from the medical reports that the mental condition of the defendant was somewhat unstable at the time of the report in May, 1978. Since the petitioner is ineligible for parole under the statute, the issue is moot.

The appeal is dismissed.

DWYER and TATUM, JJ., concur.