# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### JANUARY 1998 SESSION



FILED

**March 12, 1998**

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | |
|---|---|
| **STATE OF TENNESSEE,** | ) |
| | ) C.C.A. No. 02C01-9702-CR-00065 |
| Appellee, | ) |
| | ) Shelby County |
| V. | ) |
| | ) Honorable Chris Craft, Judge |
| **LARRY TORRES,** | ) |
| | ) (Unlawful Possession of Over 10 Pounds |
| Appellant. | ) of Marijuana with Intent to Sell) |

FOR THE APPELLANT:

A C Wharton, Jr.
Shelby County Public Defender

Walker Gwinn
Assistant Public Defender

William C. Moore, Jr.
Assistant Public Defender
201 Poplar Avenue, Suite 201
Memphis, TN 38103
(At Trial)

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter

Janis L. Turner
Counsel for the State
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

William L. Gibbons
District Attorney General

John Campbell
Assistant District Attorney General

Jerry R. Kitchen
Assistant District Attorney General
201 Poplar Avenue, Suite 301
Memphis, TN 38103

OPINION FILED: _____

**AFFIRMED**

**PAUL G. SUMMERS,**
Judge

## O P I N I O N

Larry Torres, the appellant, pled guilty in the Shelby County Criminal Court to the unlawful possession of over ten pounds of marijuana with intent to sell. He agreed to a three-year sentence. The trial court denied Mr. Torres' petition for a suspended sentence. Appellant appeals, arguing that the trial court should have imposed a sentence of split confinement or probation. We affirm.

The appellant is a resident of Corpus Christi, Texas. He is forty-three years old. In October of 1995, the appellant mentioned to an acquaintance named "Henry" that he needed money. Henry told the appellant about a plan to transport approximately ninety pounds of marijuana from Dallas to Memphis. The appellant testified that Henry arranged all the details. The appellant's job was only to carry a portion of the marijuana. He was to earn $1500.

The appellant and Henry rode a Greyhound bus from Dallas to Memphis. Upon arrival, a police dog trained to detect illegal substances alerted the police to the appellant's carry-on bag. The appellant fled on foot. He was caught and subdued with mace. One officer suffered a minor injury. The appellant's baggage claim ticket matched a duffle bag that also contained marijuana. The appellant's bags contained a total of approximately fifty seven and one-half pounds of marijuana. Henry escaped on foot. His bag contained approximately thirty seven pounds of marijuana.

When an appellant challenges the manner of service of a sentence, this court reviews the evidence de novo with a presumption that the determinations of the trial court are correct. Tenn. Code Ann. § 40-35-401(d) (1990). The presumption of correctness is conditioned upon an affirmative showing that the trial court considered the sentencing principles and all relevant facts and

circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). Our review consists of an analysis of the evidence at the sentencing hearing, the presentence report, the principles of sentencing, the arguments of counsel, the nature and characteristics of the offense, mitigating and enhancement factors, the defendant's statements and the defendant's potential for rehabilitation or treatment. Tenn Code Ann. §§ 40-35-102 (Supp. 1994), -103(1990), -210 (Supp. 1992); Ashby, 823 S.W.2d at 169.

When deciding a defendant's suitability for probation, the trial court should consider the defendant's criminal record, social history, present physical and mental condition, the nature and circumstances of the offense, the deterrent effect on others, and the defendant's potential for rehabilitation. Stiller v. State, 516 S.W.2d 617, 620 (Tenn. 1974). A sentence of confinement should be based upon the following considerations: (1) confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct; (2) confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or (3) measures less restrictive than confinement has been frequently or recently been applied unsuccessfully to the defendant. Tenn. Code Ann. § 40-35-103(1)(A) - (C) (1990).

At the hearing on his petition, the appellant testified that he has been employed on and off in the construction industry for about five years. He holds an associate's degree from a junior college. At the time of his arrest, he was working on a bachelor's degree in physical education. In 1987, the appellant volunteered to serve in the Army. He received an honorable discharge after four and one-half years of service.

The appellant testified that he had never transported drugs before the present offense, and he was forced to do so because he was unable to get construction jobs and his bills were mounting. He testified that he did not know who gave Henry the marijuana or to whom it was to be delivered. The appellant testified that he and Henry rode a bus to Dallas where they checked into a motel. Henry took their bags and filled them with marijuana while the appellant waited in the room. The appellant testified that when they arrived in Memphis, he and Henry were going to check into a motel. He was going to wait in the room while Henry delivered the drugs and picked up the money.

The presentence report indicates that the appellant was arrested for possession of marijuana in 1985, 1992, and 1994. The appellant's only conviction was for misdemeanor possession of marijuana in 1985. He was sentenced to six months probation. The 1992 arrest was for possession of approximately nine and one half pounds of marijuana. The appellant testified that he had smoked marijuana while out on bond for the present offense.

Since his arrest, the appellant traveled from Corpus Christi to Memphis several times for court dates. He admitted his guilt and expressed remorse for his offense.

The trial court denied the appellant's petition for a suspended sentence based on the enormity of the offense, the appellant's prior criminal activity involving drugs, the failure of rehabilitative efforts in the past, and the deterrent effect that incarceration would have on the people who were to receive the marijuana in Memphis. The court noted that the appellant had associated himself with an operation to bring over ninety pounds of marijuana to Memphis. The trial court said that, while he could not consider the 1992 charge of

possession of nine and one-half pounds of marijuana as a conviction, he could consider it as part of the appellant's social history.

On appeal, the appellant emphasizes that his criminal record consists only of a misdemeanor conviction of marijuana and that the present offense is non-violent. He argues that his trips from Texas to Memphis for court appearances indicate that he will follow the requirements for release into the community. The appellant asks us to modify his sentence to ninety days incarceration followed by probation. The state essentially relies upon the factors articulated by the court to support the denial of alternative sentencing.

The appellant is presumed, absent evidence to the contrary, to be a favorable candidate for alternative sentencing options. Tenn. Code Ann. § 40-35-102(5) & (6) (Supp. 1995). At the sentencing hearing, the state had the burden of presenting evidence to rebut this presumption. The trial court implicitly held that the state had fulfilled its burden by denying alternative sentencing. The trial court considered the sentencing principles and facts; therefore, we review its findings with a presumption of correctness, unless the evidence preponderates otherwise.

We affirm the judgment of the trial court. Incarceration is the least severe measure necessary to achieve the purposes for which the sentence is imposed. The evidence in the record supports the court's finding that incarceration was necessary to avoid depreciating the enormity or seriousness of the offense. The appellant affiliated himself with a conspiracy or operation to transport over ninety pounds of marijuana across state lines from Texas to Tennessee. The court also properly considered the appellant's arrest record as part of the appellant's overall social history. Despite the portrayal of the appellant as a neophyte in the

drug trade, the appellant's arrest record strongly suggests a more familiar relationship with drugs. Finally, the court properly considered that rehabilitative measures had been unsuccessful in the past. The appellant's lack of potential for rehabilitation is also supported by the appellant's use of marijuana while on bond for the present offense. There is no evidence that incarceration would have a deterrent effect as required for reliance on this factor. See State v. Ashby, 823 S.W.2d 166, 170 (Tenn. 1991).

The judgment of the trial court is affirmed.

_____
PAUL G. SUMMERS, Judge

CONCUR:

_____

DAVID G. HAYES, Judge


_____

JOE G. RILEY, Judge