IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

APRIL 1998 SESSION

FILED

September 17, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE | ) | |
| | ) | 02C01-9709-CR-00343 |
| Appellee | ) | |
| | ) | SHELBY COUNTY |
| v. | ) | |
| | ) | Hon. W. Fred Axley |
| JEREMY A. WINSETT | ) | |
| | ) | (Vehicular Homicide) |
| Appellant. | ) | |
| | ) | |

For the Appellant:

Charles D. Wright
150 Court Avenue, 2nd Floor
Memphis, TN. 38103

For the Appellee:

John Knox Walkup
Attorney General & Reporter

Marvin E. Clements, Jr.
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN. 37243-0493

William L. Gibbons
District Attorney General

Johnny R. McFarland
Assistant District Attorney
201 Poplar Ave., Ste. 301
Memphis, TN. 38103-1947

OPINION FILED:_____

AFFIRMED

WILLIAM M. BARKER, SPECIAL JUDGE

OPINION

The appellant, Jeremy A. Winsett, appeals as of right the three (3) year sentence of confinement he received following the entry of guilty pleas to two counts of vehicular homicide in the Criminal Court of Shelby County. We affirm the judgment of the trial court.

This protracted case originated in 1992, following a tragic automobile accident which took the lives of Wymond Love, Sr., and Nicolette Amoroso. According to eyewitness testimony, the appellant was driving at an excessive rate of speed on James Road in Shelby County when his car suddenly made a "U-turn" and slammed into an oncoming truck driven by Mr. Love. The streets were wet from rainy weather on the day of the accident. The violent collision caused Mr. Love to be thrown from his truck and he died almost instantly. One of appellant's passengers, Ms. Amoroso, also died as a result of the collision.

The Shelby County Grand Jury indicted the appellant on two counts of vehicular homicide. Appellant initially pled not guilty and sought pre-trial diversion. He submitted a written application for pre-trial diversion on February 24, 1993. The District Attorney General denied the application and that denial was affirmed by the trial court. Thereafter, the appellant filed a Rule 10 appeal to this Court.

This Court reversed and remanded the case to the trial court with instructions on how to properly address pre-trial diversion under Tennessee Code Annotated section 40-15-105 (1990). State v. Winsett, 882 S.W.2d 806 (Tenn. Crim. App. 1993), *perm. app. denied* (June 13, 1994). Upon remand, the appellant resubmitted his application for pre-trial diversion, which was again denied by the District Attorney. The trial court affirmed the denial following an evidentiary hearing and granted permission for the appellant to seek a Rule 9 interlocutory appeal to this Court.

Permission to file the interlocutory appeal was granted by this Court on October 13, 1994. In that appeal, a panel of this Court determined that the District Attorney

2

had abused his discretion in denying pre-trial diversion without considering the appropriate factors and without articulating in a written report the reasons for the denial. State v. Jeremy Winsett, No. 02C01-9409-CR-00223 (Tenn. Crim. App. at Jackson, Feb. 29, 1996), *perm. app. denied* (Tenn. Mar. 3, 1997). According to the Court, the evidence reflected that the appellant was amenable to correction and was not likely to commit subsequent crimes. Slip op. at 2. The Court, therefore, reversed and remanded the case to the trial court with instructions to grant pre-trial diversion. Id.

The appellant was arrested for the theft of property under $500 while his interlocutory appeal was pending before this Court.[1] He pled guilty to the theft charge and served two days in jail. Consequently, when his vehicular homicide case was remanded to the trial court, the trial court determined that appellant was no longer entitled to pre-trial diversion. The appellant, therefore, changed his pleas to guilty and agreed to a three (3) year sentence, with the manner of service to be determined by the trial court.

The trial court conducted a sentencing hearing at which the appellant requested judicial diversion or in the alternative, probation. Based upon appellant's criminal history and the nature of the vehicular homicide offenses, the trial court denied his request and ordered him to serve the entire three (3) year sentence in confinement. The appellant contends on appeal that the sentence of confinement is contrary to the evidence and that he is entitled to judicial diversion or a probationary sentence.[2] We disagree.

---

[1]The appellant was arrested for shoplifting $36 worth of property from a WalMart in Shelby County. At the sentencing hearing in this case, he testified that he did not actually steal the property from the store, but waited instead in a parked car while a young girl, Jean Gates, went into the store and exited with a bag of goods. Appellant testified that Gates asked him to take the goods back inside the store and obtain a cash refund. He entered the store with the goods, but decided not to refund them because the return lines were too long. As he attempted to leave the store, a security guard approached him and asked about the goods. The goods were determined to be stolen and the appellant was arrested for shoplifting. Gates fled the scene when security guards attempted to question her.

[2]The appellant mentions in his brief that the trial judge should have recused himself from the sentencing proceeding in this case. However, he cites no authority or reason to support this proposition. We conclude that it is without merit.

The record reflects that the appellant has been arrested three times since the automobile accident in 1992. Of those three arrests, he was convicted of theft under $500, a Class A misdemeanor, for which he served two days incarceration.

We have conducted a *de novo* review of the record and conclude that the theft conviction renders the appellant ineligible for judicial diversion. Tenn. Code Ann. § 40-35-313(a)(1) (Supp. 1992). Moreover, he has failed to carry his burden of demonstrating suitability for any form of probation. Although he was a presumable candidate for a probationary sentence[3], the trial court concluded that the presumption was rebutted by appellant's criminal record, the circumstances of the offense, and the need to deter the appellant and others from similar reckless offenses. Stiller v. State, 516 S.W.2d 617, 620 (Tenn. 1974); State v. Bonestel, 871 S.W.2d 163, 169 (Tenn. Crim. App. 1993).

We agree with the trial court's finding that the sentence of confinement is necessary to avoid depreciating the serious nature of the vehicular homicide offenses and to deter the appellant from further criminal conduct. Tenn. Code Ann. § 40-35-103 (Supp. 1992). The judgment of the trial court is affirmed.

_____
WILLIAM M. BARKER, Special Judge

CONCUR:

_____
DAVID G. HAYES, JUDGE

_____
JOE G. RILEY, JUDGE

---

[3]Tenn. Code Ann. §§ 40-35-102(6) & 40-35-303(a) (Supp. 1992).