# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### SEPTEMBER SESSION, 1998

**FILED**

December 8, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 01C01-9710-CR-00454 |
| | ) | |
| Appellee, | ) | |
| | ) | SUMNER COUNTY |
| V. | ) | |
| | ) | |
| | ) | HON. JANE WHEATCRAFT, JUDGE |
| MICHAEL T. KEEN, | ) | |
| | ) | |
| Appellant. | ) | (VEHICULAR HOMICIDE) |

FOR THE APPELLANT:                    FOR THE APPELLEE:

**DAVID A. DOYLE**                    **JOHN KNOX WALKUP**
District Public Defender              Attorney General & Reporter
18th Judicial District
117 East Main Street                  **CLINTON J. MORGAN**
Gallatin, TN 37066                    Assistant Attorney General
                                      2nd Floor, Cordell Hull Building
                                      425 Fifth Avenue North
                                      Nashville, TN 37243

                                      **LAWRENCE RAY WHITLEY**
                                      District Attorney General

                                      **SALLIE WADE BROWN**
                                      Assistant District Attorney General
                                      18th Judicial District
                                      113 West Main Street
                                      Gallatin, TN 37066

OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

# OPINION

Michael T. Keen, the Defendant, appeals as of right following his sentencing hearing in the Sumner County Criminal Court. Defendant was indicted for vehicular homicide and DUI, second offense. In an agreement with the State, Defendant pled guilty to vehicular homicide, a Class B felony, and agreed to an eight (8) year sentence, with the trial court to determine the manner of service of the sentence. Following his sentencing hearing, the trial court ordered Defendant to serve eight (8) years in the Tennessee Department of Correction. In his appeal, Defendant argues that the trial court erred in refusing to grant an alternative sentence. We affirm the judgment of the trial court.

When an accused challenges the length, range or the manner of service of a sentence, this court has a duty to conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

In conducting a de novo review of a sentence, this court must consider: (a) the evidence, if any, received at the trial and the sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) any statutory mitigating or enhancement factors; (f) any statement that the defendant made on his own behalf; and (g) the potential or lack of potential for rehabilitation or treatment.

Tenn. Code Ann. §§ 40-35-102, -103, and -210; see State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987).

If our review reflects that the trial court followed the statutory sentencing procedure, imposed a lawful sentence after having given due consideration and proper weight to the factors and principles set out under the sentencing law, and made findings of fact adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

Defendant was convicted of a Class B felony, thus he is not presumed to be a favorable candidate for alternative sentencing options. Tenn. Code Ann. § 40-35-102(6); State v. Smith, 891 S.W.2d 922, 929 (Tenn. Crim. App. 1994). Nor is Defendant eligible for participation in a community corrections program due to his conviction for vehicular homicide. Tenn. Code Ann. § 40-36-106(a)(2). However, as a defendant sentenced to eight (8) years or less, he was statutorily eligible for probation. Tenn. Code Ann. § 40-35-303. While the trial court was required to consider the Defendant as a candidate for probation, the Defendant bore the burden of establishing both his suitability and that an alternative to incarceration would "subserve the ends of justice and the best interest of both the public and the defendant." State v. Dykes, 803 S.W.2d 250, 259 (Tenn. Crim. App. 1990) (citations omitted). The trial court found that Defendant failed to carry that burden. See State v. Boston, 938 S.W.2d 435, 438 (Tenn. Crim. App. 1996).

When imposing a sentence of total confinement, our Criminal Sentencing Reform Act mandates the trial court to base its decision on the considerations set

forth in Tennessee Code Annotated section 40-35-103. These considerations which militate against alternative sentencing include: the need to protect society by restraining a defendant having a long history of criminal conduct; whether confinement is particularly appropriate to effectively deter others likely to commit a similar offense; the need to avoid depreciating the seriousness of the offense; and the need to order confinement in cases in which less restrictive measures have often or recently been unsuccessfully applied to the defendant. Tenn. Code Ann. § 40-35-103(1).

In determining whether to grant probation, the judge must consider the nature and circumstances of the offense, the defendant's criminal record, his background and social history, his present condition, including his physical and mental condition, the deterrent effect on other criminal activity, and the likelihood that probation is in the best interests of both the public and the defendant. Stiller v. State, 516 S.W.2d 617, 620 (Tenn. 1974). The burden is on the defendant to show that the sentence he received is improper and that he is entitled to probation. Ashby, 823 S.W.2d at 169.

The record before us justifies the sentence imposed by the trial court. At the sentencing hearing, the victim's mother testified that three (3) to four (4) weeks prior to the night the victim was killed, the Defendant was driving the victim and the victim's brother around until the early morning hours while all three (3) were drinking. She advised the Defendant that she was going to press charges, but Defendant apologized and promised to never do it again.

The presentence report reflects that the Defendant told the police he was driving his girlfriend, stepbrother and stepsister around while he was drinking. Defendant admitted that "drinking and driving was something that I was accustomed to doing" due to his drinking problem. At the time of the accident he was driving approximately sixty-five (65) miles per hour when he saw that he was going to run into a tree and tried to cut his vehicle to the left. The Defendant's stepsister was killed due to the accident. Defendant testified that the victim's mother correctly described that one (1) month prior to the victim's death, the Defendant had her children out drinking and driving until 3:30 a.m.

The presentence report and the probation officer who testified at the sentencing hearing both indicated that Defendant was employed at the time of the sentencing hearing and had begun going to AA meetings and Pathfinders, a drug/alcohol rehabilitation facility. Defendant was described by a supervisor at his place of employment as "an acceptable employee." Defendant's sponsor at AA described Defendant as "involved" in the program for ten (10) weeks prior to the sentencing hearing, but not "actively." During Defendant's testimony, he admitted that he missed a full month of AA meetings from April 8, 1997 until May 6, 1997, and also missed the meetings from May 22, 1997 through June 12, 1997.

Prior to this offense, Defendant had twice been arrested for DUI. He was first arrested for DUI on September 1, 1995, and was convicted of DUI on October 16, 1995. Defendant was sentenced to eleven (11) months, twenty-nine (29) days, all suspended except for forty-eight (48) hours. The second arrest for DUI occurred on June 10, 1996, while Defendant was on probation from his first DUI conviction, and resulted in a conviction for reckless driving on August 19, 1996. The reckless driving

conviction concluded with a sentence of six (6) months, with all except forty-eight (48) hours suspended. During his testimony, Defendant conceded that he never sought help for his drinking problem following either of these convictions, and that he continued to drink and drive. This offense of vehicular homicide was committed on November 8, 1996, only three (3) months after Defendant's last conviction. A violation of probation was pending in General Sessions Court at the time of the sentencing hearing.

Other proof at the sentencing hearing included testimony that Defendant was in a bowling alley on July 4, 1997, just prior to the sentencing hearing for his vehicular homicide conviction. While at the bowling alley, Defendant tried to persuade a waitress to serve alcoholic beverages to his girlfriend, who was not of age to legally consume alcoholic beverages.

With two (2) prior DUI arrests in the two (2) years preceding this offense, the need to protect society by restraining this Defendant with a history of criminal conduct is obvious. By his own admission, Defendant has continued to drink and drive following his previous convictions. As the trial court noted, drinking and driving is a serious problem in our society and confinement is particularly appropriate to effectively deter the Defendant. Defendant did not seek any help for his alcohol problem until as late as February 1997, and between the time of February until the time of the sentencing hearing he had only attended AA a total of twenty-three (23) times. The trial court found that Defendant should have attended as many as 143 times since this accident occurred. As described by a probation officer of the court, this Defendant has twice before been placed on probation. With a hearing for Defendant's violation of probation imminent at the time of his sentencing, the need

-6-

to order confinement when less restrictive measures have often and recently been unsuccessfully applied was also justified by the record. Defendant bore the burden of establishing his suitability for probation and that an alternative to incarceration would subserve the ends of justice and the best interest of both the public and the defendant. Based upon his continuing criminal conduct, his failure to seek continuing assistance with his alcohol addiction, and the fact that probation has been implemented on two (2) prior occasions in the past two (2) years without success, the Defendant has failed to meet his burden. This issue is without merit.

We affirm the judgment of the trial court.


_____
THOMAS T. WOODALL, Judge


CONCUR:


_____
GARY R. WADE, Presiding Judge


_____
JAMES CURWOOD WITT, JR., Judge