IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

DECEMBER SESSION, 1998

FILED

March 19, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 02C01-9809-CC-00272 |
| | ) | |
| Appellee, | ) | |
| | ) | HENDERSON COUNTY |
| V. | ) | |
| | ) | |
| | ) | HON. FRANKLIN MURCHISON, |
| ANTHONY HOLT, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (VOLUNTARY MANSLAUGHTER) |

FOR THE APPELLANT:

CARTHEL L. SMITH, JR.
85 East Church Street
Lexington, TN 38351

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General & Reporter

DOUGLAS D. HIMES
Assistant Attorney General
2nd Floor, Cordell Hull Building
425 Fifth Avenue North
Nashville, TN 37243

JAMES G. WOODALL
District Attorney General

BILL R. MARTIN
Assistant District Attorney General
Village Square, Suite M
777 West Church Street
Lexington, TN 38351

OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

# OPINION

The Defendant, Anthony Holt, appeals as of right following his sentencing hearing in the Circuit Court of Henderson County. Defendant was indicted on a charge of committing second degree murder on July 10, 1996, but he eventually pled guilty to a reduced charge of voluntary manslaughter. Pursuant to the plea agreement, the trial court was to determine both the length and manner of service of the sentence at the sentencing hearing. The trial court ordered Defendant to serve a sentence of 4.5 years in the Tennessee Department of Correction, denying any form of alternative sentence. The Defendant's sole issue on appeal is the denial of alternative sentencing. We affirm the judgment of the trial court.

When an accused challenges the length, range or the manner of service of a sentence, this court has a duty to conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

In conducting a de novo review of a sentence, this court must consider: (a) the evidence, if any, received at the trial and the sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) any statutory mitigating or enhancement factors; (f) any statement that the defendant made on his

own behalf; and (g) the potential or lack of potential for rehabilitation or treatment. Tenn. Code Ann. § 40-35-102, -103 and -210; see State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987).

If our review reflects that the trial court followed the statutory sentencing procedure, imposed a lawful sentence after having given due consideration and the proper weight to the factors and principles set out under the sentencing law, and made findings of fact adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

A defendant who "is an especially mitigated or standard offender convicted of a Class C, D or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6). Our sentencing law also provides that "convicted felons committing the most severe offenses, possessing criminal histories evincing a clear disregard for the laws and morals of society, and evincing failure of past efforts at rehabilitation, shall be given first priority regarding sentences involving incarceration." Tenn. Code Ann. § 40-35-102(5). Thus, a defendant sentenced to eight (8) years or less who is not an offender for whom incarceration is a priority is presumed eligible for alternative sentencing unless sufficient evidence rebuts the presumption. However, the act does not provide that all offenders who meet the criteria are entitled to such relief; rather, it requires that sentencing issues be

determined by the facts and circumstances presented in each case. See State v.

Taylor, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1987).

Additionally, the principles of sentencing reflect that the sentence should be no greater than that deserved for the offense committed and should be the least severe measure necessary to achieve the purposes for which the sentence is imposed. Tenn. Code Ann. § 40-35-103(3) and (4). The court also should consider the potential for rehabilitation or treatment of the defendant in determining the sentence alternative. Tenn. Code Ann. § 40-35-103(5).

Defendant does not contest the length of the sentence, only that the trial court denied alternative sentencing. The trial court held that alternative sentencing was inappropriate in this case, reasoning as follows:

> This man [victim], as I said to repeat, was very brutally killed, and the Defendants escaped a charge of second degree murder. When I say escaped, I say they are not guilty. They are not going to trial on second degree murder. It's unfortunate that [the victim] behaved the way he did, and it's equally unfortunate and sad that the Defendants responded the way they did, with extreme violence. As I said, alternative sentencing is not appropriate, and I rely upon and follow Section 40-35-103.

> Confinement is necessary to avoid depreciating the seriousness of the offense, for confinement is particularly suited to provide an effective deterrence to others likely to commit a similar offense. Here we have a man again who was killed, who is dead, who was a pathetic man, but he was a child of God as we all are and he was killed, and this has caused much grief to his family. And we have heard from the Defendants, or the Defendants' family, we have not heard from the Defendants themselves, that they are remorseful about this thing. It is a sad thing, a tragic thing, for [the victim], his family and now the Defendants' family.

At the sentencing hearing, the trial court apparently relied upon the nature of the circumstances of the offense to justify the denial of alternative sentencing and to impose a sentence of total incarceration. For such a denial to occur, though, the circumstances of the offense must be "especially violent, horrifying, shocking, reprehensible, offensive, or otherwise of an excessive or exaggerated degree, and the nature of the offense must outweigh all factors favoring a sentence other than confinement." State v. Bingham, 910 S.W.2d 448, 455 (Tenn. Crim. App. 1995). This standard was essentially codified by section 40-35-103(1)(B) which provides for confinement if "necessary to avoid depreciating the seriousness of the offense."

When imposing a sentence of total confinement, our Criminal Sentencing Reform Act mandates the trial court to base its decision on the considerations set forth in Tennessee Code Annotated section 40-35-103. These considerations which militate against alternative sentencing include: the need to protect society by restraining a defendant with a long history of criminal conduct; whether confinement is particularly appropriate to effectively deter others likely to commit a similar offense; the need to avoid depreciating the seriousness of the offense, and the need to order confinement in cases in which less restrictive measures have often or recently been unsuccessfully applied to the defendant. Tenn. Code Ann. § 40-35-103(1).

In determining whether to grant probation, the judge must consider the nature and circumstances of the offense, the defendant's criminal record, his background and social history, his present condition, including his physical and mental condition,

the deterrent effect on other criminal activity, and the likelihood that probation is in the best interests of both the public and the defendant. Stiller v. State, 516 S.W.2d 617, 620 (Tenn. 1974). The burden is on the Defendant to show that the sentence he received is improper and that he is entitled to probation. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

We note that the transcript from the guilty plea hearing was not included in the record on appeal. From our review of the sentencing hearing transcript, the trial court apparently relied upon proof it had heard during the guilty plea hearing. It is the duty of the party seeking appellate review to prepare a record which conveys a fair, accurate and complete account of what transpired with respect to the issues forming the basis of the appeal. State v. Ballard, 855 S.W.2d 557,560 (Tenn. 1993) (citing State v. Bunch, 646 S.W.2d 158, 160 (Tenn. 1983)). When there is less than an adequate record on appeal, this court must presume that the trial court's rulings were supported by sufficient evidence. State v. Oody, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991) (citations omitted).

Based upon this presumption, this court concludes that the extremely violent nature of the beating of the victim as noted by the trial court is a sufficient basis upon which to deny alternative sentencing. The State met its burden in proving the "especially violent, horrifying, shocking, reprehensible and offensive" circumstances surrounding the victim's death and the nature of Defendant's offense outweighs all factors favoring a sentence other than confinement. Bingham, 910 S.W.2d at 455. While the existence of a death by itself cannot justify a sentence of total

confinement, the circumstances surrounding Defendant's actions were such that justify his sentence. Similar to a previous decision by a panel of this court regarding the trial court's denial of a completely suspended sentence, the Defendant in the case sub judice violently beat a total stranger who was apparently intoxicated, striking and kicking him repeatedly. See State v. Brandon Harrison, 02C01-9206-CR-00138, Shelby County (Tenn. Crim. App., at Jackson, August 4, 1993) (No Rule 11 application filed). Particularly in light of the fact that we do not have the guilty plea transcript by which to review the circumstances of the offense, we presume that the trial court aptly described the extremely violent and horrifying circumstances of the beating which resulted in the victim's death.

Moreover, from a review of the Defendant's presentence report, it is clear that he has a history of misdemeanor offenses, including theft, bad check violations and numerous traffic offenses. Despite past leniency and opportunities for rehabilitation, the Defendant "has shown neither respect for the prior reprieves from incarceration, nor efforts toward conforming his conduct to the dictates of the law. Having no regard for measures less restrictive than confinement, the Defendant has through his own actions rebutted the presumption of his favorable candidacy for alternative sentencing." State v. Randal Thies, No. 02C01-9708-CC-00299, slip op. at 9, Tipton County (Tenn. Crim. App., at Jackson, April 24, 1998) (No Rule 11 application filed).

In addition to the circumstances of the offense justifying the denial of an alternative sentence due to the seriousness of the Defendant's offense, the trial court noted a lack of remorse by the Defendant. Lack of remorse is sufficient

evidence by which a trial court may deny an alternative sentence. <u>Smith</u>, 735 S.W.2d at 864. The presentence report does not include any statement on behalf of the Defendant. There is no justification provided by the Defendant to explain the degree of force used.

There is not sufficient evidence whereby the sentence of total confinement was not justified.  After a thorough review, we affirm the judgment of the trial court.


_____
THOMAS T. WOODALL, Judge


CONCUR:


_____
GARY R. WADE, Presiding Judge


_____
JOHN EVERETT WILLIAMS, Judge