IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs February 18, 2021

**STATE OF TENNESSEE v. TONY LYNN CLABOUGH**

**Appeal from the Circuit Court for Sevier County**
**No. 26340-II James L. Gass, Judge**

_____

**No. E2020-00738-CCA-R3-CD**
_____

Tony Lynn Clabough, Defendant, appeals from the trial court's denial of an alternative sentence and imposition of a six-year sentence to be served in the Tennessee Department of Correction. Finding no abuse of discretion, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and ROBERT H. MONTGOMERY, JR., JJ., joined.

James R. Hickman, Jr., Sevierville, Tennessee, for the appellant, Tony Lynn Clabough.

Herbert H. Slatery III, Attorney General and Reporter; Renee W. Turner, Senior Assistant Attorney General; Jimmy Dunn, District Attorney General; and Ronald C. Newcomb, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The Sevier County Grand Jury returned a presentment charging Defendant with aggravated robbery and possession of a handgun by a convicted felon with an offense date on March 3, 2019. The State filed notice to seek enhanced punishment, claiming Defendant was a Range II multiple offender. On February 18, 2020, Defendant pled guilty to a reduced charge of Class C felony robbery. The plea agreement provided for Defendant to be sentenced within a range of three to six years as a Range I standard offender, with the term of the sentence and the method and manner of service to be determined by the trial court. The possession of a handgun charge was dismissed.

At the May 7, 2020 sentencing hearing, the State introduced a Presentence Report prepared by the Tennessee Department of Correction (TDOC) as Exhibit 1, and Defendant introduced a letter from Stephanie Johnson, Tennessee Recovery Oriented Compliance Strategy (TN-ROCS) Criminal Justice Liaison with Helen Ross McNabb Center, as Exhibit 2. Although Defendant made an unsworn statement at the hearing, no sworn testimony or additional proof was entered.

The Presentence Report listed numerous criminal offenses, including 2019 convictions for simple possession and misdemeanor vandalism; 2011 convictions for aggravated robbery and attempted aggravated robbery for which Defendant was sentenced to an effective term of eight years to serve; a 2009 conviction for aggravated burglary for which Defendant was sentenced to three years to serve; a 2007 conviction for driving without a license; and convictions in the 1990s for driving on a revoked license and public intoxication. At the time the Presentence Report was prepared, Defendant had pending charges for simple possession of methamphetamine and possession of drug paraphernalia with an offense date of October 16, 2019.

The forty-eight-year-old Defendant dropped out of high school in the ninth grade but obtained a GED while serving a TDOC sentence. At one time, he was a licensed plumber, but he allowed his license to expire. He received mental health treatment in the 1990s for bipolar schizophrenia. He claimed that he tried to get mental health treatment in Kentucky in 2014 but stated that he quit treatment when his daughter had a baby. He claimed that he was hospitalized three times following attempts to commit suicide. He reported that he began using marijuana at eight years of age and that he had never had an extended period of sobriety, except when he was incarcerated. He stated that in the six months preceding his arrest for the March 3, 2019 robbery, he smoked marijuana daily, consumed "approximately two grams of methamphetamine a day" when he could get it and crack cocaine when he could not get methamphetamine, and took Suboxone approximately every other day. Defendant reported that he had been disabled since 1997 due to a learning disability and that he received $825.00 a month in disability benefits. If granted probation, he would reside with his daughter at her apartment in Rockwood, Tennessee.

The letter from Ms. Johnson stated that an alcohol and drug assessment and a mental health assessment had been completed. Ms. Johnson recommended that Defendant be placed on the TN-ROCS docket and that Defendant participate in mental health and substance abuse services.

Following argument of counsel, the trial court orally announced its decision. The court found that Defendant had a previous history of criminal convictions in addition to those necessary to establish the appropriate range. The court emphasized Defendant's prior

conviction for aggravated robbery and attempted aggravated robbery, which the court characterized as crimes of violence that placed someone else's life in danger. The court noted that

> we're here again on the same type of crime you've been there before on. And it is beyond the conscience of this [c]ourt to believe that when someone is charged with robbery, attempted robbery, aggravated robbery and it keeps occurring, that they [] just keep needing repeated chances to change. And I cannot accept that in this situation.

> This [c]ourt, because of [] your criminal history and the enhancement factor that I have stated for this record[,] does impose a six-year sentence to the Department of Correction[] that I order you to serve.

## Analysis

On appeal, Defendant claims that the trial court erred in sentencing him to serve the six-year sentence in confinement rather than sentencing him to probation or another alternative sentence. The State claims that the trial court acted within its discretion in requiring Defendant to serve his sentence. We agree with the State.

When a trial court denies probation or any other alternative sentence to an eligible defendant and states on the record reasons that are in accordance with the purposes and principles of sentencing, the court's decision is reviewed under an abuse of discretion standard, accompanied by a presumption of reasonableness. *State v. Caudle*, 388 S.W.3d 273, 278-79 (Tenn. 2012); *State v. Bise*, 380 S.W.3d 682, 707 (Tenn. 2012). If the trial court fails to articulate the reasons for denying an alternative sentence, the "abuse of discretion standard with a presumption of reasonableness" does not apply on appeal and an appellate court can either conduct a de novo review to determine whether there is an adequate basis for denying probation; or (2) remand for the trial court to consider the requisite factors in determining whether to grant probation. *State v. Pollard*, 432 S.W.3d 851, 864 (Tenn. 2013).

Defendant was eligible for an alternative sentence of probation because the sentence imposed was ten years or less and because robbery was not included in the offenses statutorily excluded from eligibility. Tenn. Code Ann. § 40-35-303(a) (2020); § 39-13-401 (2020). A defendant is not required to file a petition for probation. Tenn. Code Ann. § 40-35-303(b) (2020). Probation must be automatically considered by the trial court as a sentencing alternative for eligible defendants. *Id*.

Defendant argues on appeal that because he was convicted of a C felony, he is entitled to a presumption that he was a favorable candidate for alternative sentencing pursuant to Tennessee Code Annotated section 40-35-102(6)(A), and therefore, the State must overcome that presumption. Defendant's argument may have been correct before the 2005 revisions to the Criminal Sentencing Reform Act of 1989, but that argument is erroneous now. After the 2005 revisions, a trial court has to "consider, but is not bound by, this advisory sentencing guideline in this subdivision (6)." Tenn. Code Ann. § 40-35-102(6)(D); *State v. Caudle*, 388 S.W.3d 273, 278 (Tenn. 2012). "No longer is any defendant entitled to a presumption that he or she is a favorable candidate for probation[.]" *State v. Carter*, 254 S.W.3d 335, 347 (Tenn. 2008).

In determining whether confinement is appropriate, the trial court should consider the following principles:

(A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant[.]

Tenn. Code Ann. § 40-35-103(1)(A)-(C) (2020).

A defendant has "the burden of establishing suitability for probation[.]" Tenn. Code Ann. § 40-35-303(b). Probation is "a privilege" or "an act of grace" which may be granted to an accused who is eligible and "worthy of this largesse." *Stiller v. State*, 516 S.W.2d 617, 620 (Tenn. 1974). When considering probation, the trial court should consider the nature and circumstances of the offense, the defendant's criminal record, the defendant's background and social history, the defendant's present condition, including physical and mental condition, the deterrent effect on the defendant, and the best interests of the defendant and the public. *See State v. Kendrick*, 10 S.W.3d 650, 656 (Tenn. Crim. App. 1999) (citing *State v. Grear*, 568 S.W.2d 285, 286 (Tenn.1978)).

At the conclusion of the sentencing hearing, the trial court articulated reasons for denying an alternative sentence that were in accordance with the purposes and principles of sentencing. The court considered and placed great weight on Defendant's criminal record, especially Defendant's 2011 convictions for aggravated robbery and attempted

aggravated robbery, which the court characterized as crimes of violence. The court expressed its concern that Defendant was now being sentenced for robbery, the same type of offense for which Defendant had been previously convicted and incarcerated in the TDOC. The court expressed frustration that Defendant "keep[s] needing repeated chances to change" supporting the need for incarceration to deter Defendant from future criminal activity and to protect the public.

## Conclusion

The trial court sufficiently articulated its reasons for denying an alternative sentence, and we therefore reviewed its decision under an abuse of discretion standard, accompanied by a presumption of reasonableness. The trial court did not abuse its discretion in denying an alternative sentence. The judgment of the trial court is affirmed.

_____
ROBERT L. HOLLOWAY, JR., JUDGE