# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### NOVEMBER SESSION, 1998

FILED

January 15, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 03C01-9803-CC-00088 |
| | ) | |
| Appellee, | ) | |
| | ) | |
| | ) | BLOUNT COUNTY |
| VS. | ) | |
| | ) | HON. D. KELLY THOMAS, JR. |
| RUSSELL WEMBLEY, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Sentencing) |

## ON APPEAL FROM THE JUDGMENT OF THE
## CRIMINAL COURT OF BLOUNT COUNTY

FOR THE APPELLANT:

GERALD L. GULLEY, JR.
P.O. Box 1708
Knoxville, TN 37901-1708

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

CLINTON J. MORGAN
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243

MIKE FLYNN
District Attorney General

PHILIP MORTON
Assistant District Attorney General
363 Court Street
Maryville, TN 37804

OPINION FILED _____

AFFIRMED

DAVID H. WELLES, JUDGE

# OPINION

The Defendant, Russell Wembley, appeals as of right pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure. He was convicted, upon his plea of guilty, of one count of delivery of cocaine, a Class B felony. The agreed sentence was eight years as a Range I standard offender. The manner of service of the sentence was left to the discretion of the trial judge. After conducting a sentencing hearing, the trial judge ordered that the Defendant serve one year in the county jail, with the balance to be served in the community corrections program. The Defendant appeals from the trial judge's order that one year of his sentence be served in confinement. We affirm the judgment of the trial court.

When an accused challenges the length, range, or manner of service of a sentence, this Court has a duty to conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

In conducting a de novo review of a sentence, this court must consider: (a) the evidence, if any, received at the trial and sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct

involved; (e) any statutory mitigating or enhancement factors; (f) any statement that the defendant made regarding sentencing; and (g) the potential or lack of potential for rehabilitation or treatment. State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987); Tenn. Code Ann. §§ 40-35-102, -103, -210.

This charge resulted from the Defendant's sale of cocaine to a confidential informant for the sum of eighty dollars. Although a transcript of the guilty plea proceeding is not included in the record, the drug transaction was recorded, and the State introduced a transcript of the conversation between the Defendant and the confidential informant at the sentencing hearing.

The presentence report reflects that at the time of sentencing, the Defendant was twenty-six years old, single, and a high school graduate. He reported that he had completed some college work and had attended a business school. He lives with his girlfriend, and they have two daughters. He reported that he has four children with two previous girlfriends and that he regularly contributes to their support. The presentence report further reflected that the Defendant worked a construction job during the day and also worked an evening shift at a Hardee's restaurant.

The Defendant's record includes convictions for misdemeanor assault and vandalism in Blount County, Tennessee in 1992, for which the Defendant received suspended sentences and probation. In 1995 the Defendant received three felony convictions in Ohio. According to the judgment of conviction, these offenses were carrying a loaded, concealed weapon; aggravated trafficking (apparently in drugs); and trafficking in food stamps. It appears that the

Defendant received three concurrent eighteen-month sentences for these Ohio felonies. The presentence report further reflects that the Defendant acknowledged he has an alcohol problem. He also acknowledged that he had used marijuana regularly in the past, although he reported that he had not used marijuana for about two months. He denied the use of any other drugs. A drug screen performed as a part of the presentence investigation was negative. The Defendant declined to testify at his sentencing hearing, and the only evidence submitted was a letter from a potential employer stating that the Defendant could become employed with a janitorial and carpet-cleaning service five nights a week.

On appeal, the Defendant argues that the trial judge erred or abused his discretion by requiring him to serve one year of his sentence in the county jail. He argues that he should have received probation or community corrections without any confinement in the county jail.

When determining whether to grant probation, the trial judge must consider the nature and circumstances of the offense; the defendant's criminal record, background, social history, and present condition, including physical and mental condition; the deterrent effect on other criminal activity; and the likelihood that probation is in the best interests of both the public and the defendant. See Stiller v. State, 516 S.W.2d 617, 620 (Tenn. 1974). The burden is on the defendant to show that the sentence is improper and that probation is appropriate. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

The State suggests that the offense of selling drugs is "deterrable per se, and therefore deterrence is a factor that may be considered on the question of

probation." To advance this argument, the State relies upon State v. Dykes, 803 S.W.2d 250, 260 (Tenn. Crim. App. 1990), and other cases which refer to drug crimes as being "deterrable per se." While we agree that deterrence is always a factor that can be considered on the question of probation, we do not read Dykes or any other case as holding that deterrence alone is sufficient to support a denial of probation for any crime involving the sale or delivery of cocaine or other drugs. Probation must be automatically considered by the trial court as a sentencing alternative for eligible defendants. Tenn. Code Ann. § 40-35-303(b). "A defendant shall be eligible for probation under the provisions of this chapter if the sentence actually imposed upon such defendant is eight (8) years or less . . . ." Id. § 40-35-303(a). It cannot be said that deterrence "per se" will always support denial of probation in sentencing for a crime involving the sale or delivery of drugs. State v. Ashby, 823 S.W.2d 166, 169-70 (Tenn. 1991).

Because the Defendant was convicted of a Class B felony, there is no presumption that he is a suitable candidate for alternative sentencing options as afforded those convicted of a Class C, D, or E felony. See Tenn. Code Ann. § 40-35-102(6). Furthermore, as we have stated, the burden of establishing suitability for probation rests with the Defendant. Tenn. Code Ann. § 40-35-303(b). Because the Defendant chose not to testify at his sentencing hearing and presented no evidence other than a letter from a prospective employer, the trial judge was left primarily to consider information contained in the presentence report. Although the Defendant appeared to have a somewhat favorable employment record, his history of criminal conduct is not insignificant. We believe the trial judge properly acted within his discretionary authority by

determining that the Defendant was not entitled to full probation and by ordering that a portion of his sentence be served in confinement.

The judgment of the trial court is accordingly affirmed.

_____
DAVID H. WELLES, JUDGE

CONCUR:

_____
JAMES CURWOOD WITT, JR., JUDGE

_____
L.T. LAFFERTY, SENIOR JUDGE