# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs March 14, 2001

## STATE OF TENNESSEE v. LINDA GAIL PHILPOT

### Direct Appeal from the Circuit Court for Bedford County
#### No. 14623    F. Lee Russell, Judge

---

### No. M2000-01999-CCA-R3-CD - Filed May 2, 2001

---

Linda Gail Philpot entered "best interest" pleas to forty-one counts of forgery.  Pursuant to the negotiated plea agreement, Philpot received an effective sentence of fourteen years.  The manner of service, including entitlement to probation, was submitted to the trial court.  The trial court denied all forms of alternative sentencing based upon its finding of lack of remorse and poor prospects for rehabilitation.  On appeal, Philpot argues that the trial court erred in denying an alternative sentence.  After review, we conclude that a sentence of split confinement will best serve the interests of the public and the Appellant.  The judgment, accordingly, is reversed and remanded for entry of a sentence of split confinement reflecting a period of thirty-five days confinement in the local jail or workhouse with the remainder of the effective fourteen-year sentence to be served on supervised probation.

### Tenn. R. App. P. 3; Judgment of the Circuit Court Reversed and Remanded; Sentence Modified.

DAVID G. HAYES, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, J., joined and JAMES CURWOOD WITT, JR., J., filed a concurring and dissenting opinion.

Curtis H. Gann (on appeal) and Andrew Jackson Dearing, (at trial) Asst. Public Defenders, Shelbyville, Tennessee, for the Appellant, Linda Gail Philpot.

Paul G. Summers, Attorney General and Reporter, Michael Moore, Solicitor General, Elizabeth T. Ryan, Assistant Attorney General, William Michael McCown, District Attorney General, and Michael Randles, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

The Appellant, Linda Gail Philpot, appeals the sentencing decision of the Bedford County Circuit Court. On July 11, 2000, the Appellant, a range I offender, entered "best interest" guilty pleas to forty-one counts of forgery, class E felonies. The plea agreement provided that the Appellant would receive seven consecutive two-year sentences for an effective sentence of fourteen years.[1] The manner of service, however, was submitted to the trial court for determination. After a sentencing hearing, the trial court denied any form of alternative sentencing and ordered the sentences be served in the Tennessee Department of Correction. The Appellant appeals the trial court's denial of an alternative sentence.

After review, we modify the manner of the service of the Appellant's sentence to reflect an effective term of thirty-five days confinement with the remainder of the effective fourteen-year sentence to be served on supervised probation.

**Background**

The presentence report reveals that, in April 1999, the Appellant was hired by the Haithcoats, an elderly couple, as a home health caregiver.[2] Mrs. Haithcoat, who is in poor health and unable to care for herself, authorized the Appellant to write and sign checks to assist her in paying bills.[3] The Appellant was paid $150 a week for her services. In May 1999, the Appellant began removing checks from the victim's checkbook without permission. The Appellant would make the checks payable to herself for $150 and then pass the forged checks to various business to pay her bills. According to the arrest report, the Appellant stated that "she was so overwhelmed by her bills that she was forced to steal to make her payments." She added that, "I got greedy." In all, over approximately twelve weeks, the Appellant forged checks in the amount of $6,201 on the victim's account.

---

[1] Specifically, the plea agreement provided that the Appellant would be sentenced to two years on each count; counts one through seven are to be served consecutively to one another and counts eight through forty-one are to be served concurrently with each other and concurrently with the remaining counts.

[2] Initially, we acknowledge that the Appellant has failed to include a transcript of the guilty plea hearing. We have repeatedly held that failure to include the transcript of the guilty plea hearing in the record prohibits this court from conducting a meaningful *de novo* review of the sentence. The obligation of preparing a complete and adequate record for the issues presented on appeal rest upon the appealing party. Tenn. R. App. P. 24(b). If the appellate record is inadequate, the reviewing court must presume that the trial judge ruled correctly. See State v. Ivy, 868 S.W.2d 724, 728 (Tenn. Crim. App. 1993). Notwithstanding this failure, we are able to reconstruct the factual circumstances of the crimes from the presentence report and the transcript of the sentencing hearing.

[3] The record indicates that Mrs. Haithcoat was suffering from multiple sclerosis.

A sentencing hearing was held on August 3, 2000. The forty-seven-year-old Appellant testified that she has been divorced for twelve years and is the mother of two adult children. The Appellant has three grandchildren whom she cares for five days a week in order to assist her daughter-in-law who is suffering from a chemical imbalance. The Appellant is employed at Calsonic, performing general housekeeping duties. Additionally, she works as a housekeeper on the weekend. The Appellant has no prior criminal history. She acknowledged the amount of money taken and agreed to make restitution.[4] She stated that she was "sorry that it happened," "sorry that it got to this mess."

On cross-examination, the Appellant, when questioned regarding her guilt for the forgery of the forty-one checks, verified her statement made to the presentence officer that she felt that she had been falsely accused, maintaining that she did not forge all of the checks. She clarified this response by stating that she had permission to sign approximately twenty of the checks. She further stated that her remorse is limited to being sorry for being arrested, prosecuted, and facing a prison sentence. When questioned by the court, the Appellant explained that she felt as if she was "pinned in a corner by false accusations" and that the whole situation was the result of her stupidity in writing the checks, even those for the Haithcoats' living expenses.

At the hearing, the State called Diane Clanton, a deputy clerk for the Bedford County Circuit Court, as a rebuttal witness. Ms. Clanton testified that, following appointment of the public defender's office, the court ordered the Appellant to pay $675, at scheduled payments of $25 per week for twenty-seven weeks, for the services of that office. At the time of the hearing, the Appellant, although still making payments, was $75 in arrears.[5]

**Analysis**

The Appellant contends that the trial court did not properly consider the statutory principles of sentencing in its denial of all forms of alternative sentencing. Specifically, she argues that the court erred by imposing an effective fourteen-year sentence of total confinement in the Department of Correction.

---

[4]The exact amount of restitution remains in dispute. The pre-sentence report indicates that Mrs. Haithcoat requested restitution of $2,000 plus incidental expenses and that the balance of the loss from the forgeries was incurred by First Union National Bank of Shelbyville.

[5]Considerable confusion arose as to this issue at the sentencing hearing. Indeed, over one-third of the proof at the hearing centered upon the $75 arrearage and the Appellant's method of scheduled payments. The State argued that the Appellant was not complying with the payment schedule as ordered by the court. Defense counsel suggested that the amount of the payment was inconsequential so long as the full amount was paid. The trial court responded:

> Well, I do; I care. If she's ordered to pay so much a week, it doesn't say accumulate it until you damn well are ready to pay. That's not what the order says. And that says volumes about her attitude if she's going to pay it the way she wants to pay it. If you pay it weekly, if you're ordered to pay it in a certain way and you pay it in a certain way, it doesn't get confused about how much they owe.

It is undisputed that the Appellant in this case is entitled to the statutory presumption of alternative sentencing. See TENN. CODE ANN. § 40-35-102(5), -102(6) (1997). Where a defendant is entitled to the statutory presumption, it is incumbent upon the State to present evidence which overcomes this sentencing presumption. TENN. CODE ANN. § 40-35-102(b).

It should now be fundamental that in order to incarcerate a defendant who is otherwise entitled to alternative sentencing in the state penitentiary, the proof must establish:

(A) The defendant has a long history of criminal conduct and confinement is necessary to protect society; or

(B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

TENN. CODE ANN. § 40-35-103(1)(A)-(C) (1997). In imposing a sentence of total confinement, the trial court found that the Appellant was a poor candidate for rehabilitation, was not genuinely remorseful, and was not truthful with the court. Additionally, the court considered the seriousness of the offense in that the Appellant abused a position of trust by willfully taking advantage of an "extremely ill" elderly person.

In order to deny an alternative sentence based on the seriousness of the offense, "the circumstances of the offense as committed must be especially violent, horrifying, shocking, reprehensible, offensive, or otherwise of an excessive or exaggerated degree" and the nature of the offense must outweigh all factors favoring a sentence other than confinement. State v. Bingham, 910 S.W.2d 448, 454 (Tenn. Crim. App.1995) (quoting State v. Hartley, 818 S.W.2d 370, 374-75 (Tenn. Crim. App.1991)). We fail to find adequate support in the record to conclude that the circumstances of the offense in the present case meet the standards announced in Hartley.

After *de novo* review of the record, we conclude that there is no showing that a sentence of total confinement is demanded under the considerations of TENN. CODE ANN. § 40-35-103. The Appellant has no prior history of criminal conduct. TENN. CODE ANN. § 40-35-103(A). No proof was presented to establish that incarceration will provide an effective deterrent. TENN. CODE ANN. § 40-35-103(B). There is no showing that less restrictive means to rehabilitation have failed. TENN. CODE ANN. § 40-35-103(C). Finally, the circumstances of this offense are not of that type contemplated by our legislature to warrant a sentence of total confinement. See, e.g., Stiller v. State, 516 S.W.2d 617 (Tenn. 1974) (probation granted where defendant forged bank notes in sum of $26,000, made false banking entries and embezzled $65,740); State v. Grissom, 956 S.W.2d 514, 520 (Tenn. Crim. App. 1997) (alternative sentence granted for embezzlement of $29,000 where State failed to establish confinement consideration of section 103); State v. Millsaps, 920 S.W.2d 267,

271-272 (Tenn. Crim. App. 1995) (alternative sentence granted for embezzlement from employer of $80,220 where State failed to establish confinement consideration of section 103). State v. Linda Gayle Kirkland, No. 03C01-9606-CR-00248 (Tenn. Crim. App. at Knoxville, Feb. 12, 1997) (alternative sentence granted for theft from employer of $202,096.75). In light of the fact that the presumption for alternative sentencing is not rebutted by the statutory considerations outlined in TENN. CODE ANN. § 40-35-103(1) and because other factors weigh strongly in favor of a sentence other than total confinement, we conclude that an alternative sentence is proper under these facts. The issue remains, however, which type of alternative sentence is appropriate in this case.

The Appellant asserts that she should be granted full probation. Even though the Appellant is presumed a favorable candidate for alternative sentencing, she has the burden of establishing her suitability for total probation. See TENN. CODE ANN. § 40-35-303(b) (2000 Supp.). To meet the burden of establishing suitability for full probation, the Appellant must demonstrate that probation will "subserve the ends of justice and the best interest of both the public and the defendant." Bingham, 910 S.W.2d at 456 (citations omitted). The Appellant has failed to meet this sentencing burden in the present case. Although the circumstances of this offense are not egregious enough by themselves to overcome the presumption of alternative sentencing, we conclude that the Appellant's conduct, in addition to the insincerity of her remorse,[6] was of such an excessive degree as to support a denial of total probation. See Bingham, 910 S.W.2d at 456 (citing State v. Fletcher, 805 S.W.2d 785, 788-89 (Tenn. Crim. App.1991)); see also TENN. CODE ANN. § 40-35-210(b)(4) (2000 Supp.).

Nonetheless, we conclude that a sentence of split confinement would both serve the ends of justice and fulfill the needs of the Appellant. See TENN. CODE ANN. § 40-35-306 (1997). Accordingly, the manner of service of this sentence is modified to reflect a period of five days confinement on counts one through seven, for an effective term of thirty-five days, in the local jail or workhouse with the remainder of each of her two-year sentences to be served on supervised probation. Restitution is ordered as a condition of probation.[7] This case is remanded to the trial court for entry of a judgment consistent with this opinion and for the imposition of any conditions of probation, in addition to restitution, reasonably related to the purpose of the Appellant's sentence.

---

[6]At the sentencing hearing, the trial court considered the Appellant's lack of candor regarding the instant offenses. The trial court may not rely upon a defendant's unwillingness to acknowledge guilt in denying probation since a "best interest" or Alford plea by definition does not acknowledge guilt. Nonetheless, a best interest plea, as in the present case, does not immunize the defendant from questions which implicate relevant sentencing considerations, such as lack of remorse, lack of candor on non guilt issues, or a hostile or defiant attitude. See generally State v. Andrew H. Leone, No. 02C01-9206-CR-00148 (Tenn. Crim. App. at Jackson, Sept. 29, 1993).

[7]In determining restitution for the victim's pecuniary loss, the trial court will be required to consider the financial resources and future ability of the Appellant to pay or perform. Tenn. Code Ann. § 40-35-304(d); see also State v. Alford, 970 S.W.2d 944 (Tenn. 1998) (defining "victim," within the context of restitution, as individual against whom offenses was actually committed).

_____
DAVID G. HAYES, JUDGE