IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 19, 2002

## STATE OF TENNESSEE v. ADRIAN DEE CLARK

**Appeal from the Criminal Court for Hamilton County**
**No. 234808     Stephen M. Bevil, Judge**

<hr>

**No. E2001-01302-CCA-R3-CD**
**April 4, 2002**

<hr>

The Defendant, Adrian Dee Clark, pled guilty to one count of aggravated assault.  After a sentencing hearing, the trial court sentenced the Defendant as a Range I standard offender to serve five (5) years in the Department of Correction.  On appeal, the Defendant contends that the trial court erred by (1) sentencing him to five years and (2) denying him probation or alternative sentencing.  We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and ROBERT W. WEDEMEYER, J., joined.

Donna R. Miller, Assistant District Public Defender, Chattanooga, Tennessee, for the appellant, Adrian Dee Clark.

Paul G. Summers, Attorney General and Reporter; Kathy D. Aslinger, Assistant Attorney General; Bill Cox, District Attorney General; and Christopher Poole, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On August 26, 2000, the Defendant came home drunk to the house he shared with his girlfriend of three years, the victim in this case.  Angry because she had recently been unfaithful, the Defendant began to beat the victim.  The Defendant first kicked and punched the victim.  He then ordered her upstairs where he tied her to the bed with neckties.  While the victim was tied to the bed, the Defendant beat her with his fists and a belt.  The victim was eventually able to free herself and run to a neighbor's home for help.  The victim was sore for two weeks following the beating and has scars from where she was struck by the buckle of the belt the Defendant used to beat her.

The Defendant was indicted for one count of especially aggravated kidnapping and one count of aggravated assault.  In exchange for his guilty plea to aggravated assault, the State dismissed the

charge of especially aggravated kidnapping. The Defendant's plea agreement called for the trial judge to determine the length and manner of service of the sentence. Following a sentencing hearing, the trial judge sentenced the Defendant to five years in the Department of Correction, one year below the maximum. On appeal, the Defendant argues that the length of his sentence is excessive and that he should have received a sentencing alternative to incarceration.

## SENTENCING

The Defendant first contends that the trial court erred in finding that the Defendant treated the victim with exceptional cruelty, pursuant to Tennessee Code Annotated section 40-35-114(5), and in failing to give proper weight to mitigating factors suggested by the Defendant. When an accused challenges the length, range, or manner of service of a sentence, this Court has a duty to conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

When conducting a de novo review of a sentence, this Court must consider: (a) the evidence, if any, received at the trial and sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) any statutory mitigating or enhancement factors; (f) any statement made by the defendant regarding sentencing; and (g) the potential or lack of potential for rehabilitation or treatment. See Tenn. Code Ann. §§ 40-35-102, -103, -210; State v. Brewer, 875 S.W.2d 298, 302 (Tenn. Crim. App. 1993); State v. Thomas, 755 S.W.2d 838, 844 (Tenn. Crim. App. 1988).

If our review reflects that the trial court followed the statutory sentencing procedure, that the court imposed a lawful sentence after having given due consideration and proper weight to the factors and principles set out under the sentencing law, and that the trial court's findings of fact are adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result. See State v. Pike, 978 S.W.2d 904, 926-27 (Tenn. 1998); State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

At the time of sentencing, the Defendant was a thirty-eight year old, single male with two children. The Defendant graduated from high school and attended approximately three years of college. The presentence report reflects fourteen previous convictions since 1988: four for driving under the influence, one for reckless driving, three for driving with a revoked license, two for criminal impersonation, one for disorderly conduct, one for criminal trespass, one for possession of marijuana, and one for escape.

A review of the record reveals that the trial court, disturbed by the Defendant's brutal conduct, described the Defendant's actions as "extremely cruel." However, the trial court stated that, under the law of Tennessee, the Defendant's actions did not amount to "exceptional cruelty."

Accordingly, the trial court found that enhancement factor (5) did not apply. See Tenn. Code Ann. § 40-35-114(5). Because the trial court did not apply enhancement factor (5), we conclude that the Defendant's contention that the trial court erred in applying the enhancement factor is without merit.

The Defendant further contends that the trial court erred by failing to consider certain mitigating factors including the support the Defendant provided his children, the fact that he completed anger management courses, and his steady work history. The record clearly reflects that the trial court took all of these factors into consideration. However, the trial court found that the violent and serious nature of the offense, the Defendant's prior criminal history, and the fact that the Defendant had been out of jail for only two weeks and was on probation when the offense was committed, combined to warrant a five year sentence.

We conclude that the trial court gave due consideration and proper weight to the factors and principles set out under the sentencing law, and that the trial court's findings of fact are adequately supported by the record. We conclude that the trial judge neither erred nor abused his discretion in setting the length of the sentence. This issue is without merit.

## ALTERNATIVE SENTENCING

The Defendant also contends that the trial court erred in denying him probation. A defendant who "is an especially mitigated or standard offender convicted of a Class C, D, or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6); State v. Lane, 3 S.W.3d 456, 462 (Tenn. 1999). Guidance regarding what constitutes "evidence to the contrary" which would rebut the presumption of alternative sentencing can be found in Tennessee Code Annotated § 40-35-103(1), which sets forth the following considerations:

(A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant[.]

See State v. Hooper, 29 S.W.3d 1, 5 (Tenn. 2000); State v. Ashby, 823 S.W.2d 166, 170 (Tenn. 1991).

Additionally, the principles of sentencing reflect that the sentence should be no greater than that deserved for the offense committed and should be the least severe measure necessary to achieve the purposes for which the sentence is imposed. See Tenn. Code Ann. § 40-35-103(2), (4). The court should also consider the potential for rehabilitation or treatment of the defendant in determining the appropriate sentence. See id. § 40-35-103(5).

A defendant is eligible for probation if the actual sentence imposed upon the defendant is eight years or less and the offense for which the defendant is sentenced is not specifically excluded by statute. See Tenn. Code Ann. § 40-35-303(a). Probation is to be automatically considered as a sentence alternative for eligible defendants; however, the burden of proving suitability for probation rests with the defendant. Id. § 40-35-303(b).

In determining whether to grant probation, the court must consider the nature and circumstances of the offense; the defendant's criminal record; his or her background and social history; his or her present condition, including physical and mental condition; the deterrent effect on the defendant; and the likelihood that probation is in the best interests of both the public and the defendant. See Stiller v. State, 516 S.W.2d 617, 620 (Tenn. 1974); State v. Kendrick, 10 S.W.3d 650, 656 (Tenn. Crim. App. 1999). If the court determines that a period of probation is appropriate, it shall sentence the defendant to a specific sentence but then suspend that sentence and place the defendant on supervised or unsupervised probation either immediately or after the service of a period of confinement. See Tenn. Code Ann. §§ 40-35-303(c), -306(a).

In sentencing the Defendant to five years in the Department of Correction and, thereby, denying him probation, the trial court stated that the Defendant had recently spent forty-five days in a workhouse and had been on probation from that sentence only two weeks when he committed the present offense. The trial court noted that alternative sentencing and probation did not have a deterrent effect on the Defendant. The trial court further stated that, due to the serious and violent nature of the offense, a more mitigated sentence would "demean the seriousness of the offense."

The record supports the findings of the trial court. Based upon these findings, we conclude that the trial court properly denied the Defendant probation and alternative sentencing. Accordingly, this issue is without merit.

## CONCLUSION

For the foregoing reasons, we conclude that the Defendant was properly sentenced. The judgment of the trial court is AFFIRMED.

_____
DAVID H. WELLES, JUDGE