IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 8, 2002

## STATE OF TENNESSEE v. DESI BOYD

**Direct Appeal from the Criminal Court for Shelby County**
**No. 00-03203, 00-03361     Joseph B. Dailey, Judge**

_____

**No. W2001-01020-CCA-R3-CD  - Filed April 10, 2002**

_____

Defendant pled guilty to two counts of unlawful possession of a Schedule VI controlled substance with intent to sell and deliver.  On appeal, defendant contends that the trial court abused its discretion when it imposed a sentence of incarceration.  Defendant also appeals the admission of certain hearsay evidence.  We conclude there was no error and thus, affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID G. HAYES and ALAN E. GLENN, JJ., joined.

Craig V. Morton, Memphis, Tennessee, for the appellant, Desi Boyd.

Paul G. Summers, Attorney General and Reporter; John H. Bledsoe, Assistant Attorney General; William L. Gibbons, District Attorney General; and Steve Jones, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Defendant, Desi Boyd, was indicted by a Shelby County Grand Jury on March 23, 2000, for two counts of unlawful possession of a Schedule VI controlled substance with intent to sell and deliver.  Defendant was again indicted on March 28 for two counts of unlawful possession of a Schedule VI controlled substance with intent to sell and deliver.

On February 23, 2001, defendant pled guilty to two counts of unlawful possession of a controlled substance with intent to sell and deliver.  The trial court accepted the pleas and set a sentencing date of April 9, 2001, to consider defendant's petition to suspend sentence.  Under the plea agreement, defendant would receive a fourteen-month sentence under each of the two

indictments, along with a $2000.00 fine for each count, with suspension of his sentence left to be determined by the trial court.

On April 9, 2001, the trial court conducted a sentencing hearing and denied defendant's petition for suspended sentence. On each count, defendant was sentenced to confinement in the Shelby County Correctional Center for a period of fourteen months and fined $2000.00. The sentences were ordered to run concurrently. Notice of appeal was filed on April 23, 2001.

At the sentencing hearing, defendant testified that he had a steady job at which he had been working for three and a half months. He also testified that he had been on probation before and had served that sentence with no problem. He acknowledged that he had a lengthy criminal record but stated that he was willing and able to perform the probation requirements for the current charges. He also stated that he does not drink alcohol or use drugs and that he is currently working on his GED.

Defendant stated that he had previously enrolled in an anger management course pursuant to a guilty plea in a domestic violence case. He also stated that he was not a supplier of marijuana, but he did state that he had sold marijuana twice before.

Defendant stated that it was unlikely that he would be back in court on future charges. However, in handing down defendant's sentence, the trial court stated "it is time for him to actually serve his sentence and maybe that will convince him that he doesn't need to be selling marijuana." Defendant presents two issues on appeal: (1) that the trial court committed error in denying defendant's petition for a suspended sentence and (2) that the trial court committed plain error by allowing testimony regarding the extent of defendant's involvement in selling drugs.

*I.      Denial of Petition for Suspended Sentence*

When an accused challenges the length and manner of service of a sentence, it is the duty of this Court to conduct a *de novo* review on the record with a presumption that "the determinations made by the court from which the appeal is taken are correct." Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The presumption does not apply to the legal conclusions reached by the trial court in sentencing the accused or to the determinations made by the trial court which are predicated upon uncontroverted facts. State v. Butler, 900 S.W.2d 305, 311 (Tenn. Crim. App. 1994); State v. Smith, 891 S.W.2d 922, 929 (Tenn. Crim. App. 1994); State v. Bonestel, 871 S.W.2d 163, 166 (Tenn. Crim. App. 1993). However, this Court is required to give great weight to the trial court's determination of controverted facts as the trial court's determination of these facts is predicated upon the witnesses' demeanor and appearance when testifying.

In conducting a *de novo* review of a sentence, this Court must consider (a) any evidence received at the trial and/or sentencing hearing, (b) the presentence report, (c) the principles of

sentencing, (d) the arguments of counsel relative to sentencing alternatives, (e) the nature and characteristics of the offense, (f) any mitigating or enhancement factors, (g) any statements made by the accused in his own behalf, and (h) the accused's potential or lack of potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-103 and -210; State v. Scott, 735 S.W.2d 825, 829 (Tenn. Crim. App. 1987).

The party challenging the sentences imposed by the trial court has the burden of establishing that the sentence is erroneous. Tenn. Code Ann. § 40-35-401, Sentencing Comm'n. Comments; Ashby, 823 S.W.2d at 169. In the instant case, defendant has the burden of illustrating the sentence imposed by the trial court is erroneous.

A defendant who "is an especially mitigated or standard offender convicted of a Class C, D, or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6); State v. Lane, 3 S.W.3d 456, 462 (Tenn. 1999). Guidance regarding what constitutes "evidence to the contrary" which would rebut the presumption of alternative sentencing can be found in Tennessee Code Annotated section 40-35-103(1), which sets forth the following considerations:

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
>
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
>
> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant[,]

See State v. Hooper, 29 S.W.3d 1, 5 (Tenn. 2000); Ashby, 823 S.W.2d at 170.

Additionally, the principles of sentencing reflect that the sentence should be no greater than that deserved for the offense committed and should be the least severe measure necessary to achieve the purposes for which the sentence is imposed. See Tenn. Code Ann. § 40-35-103(2), (4). The court should also consider the potential for rehabilitation or treatment of the defendant in determining the appropriate sentence. See id. § 40-35-103(5).

A defendant is eligible for probation if the actual sentence imposed upon the defendant is eight years or less, and the offense for which the defendant is sentenced is not specifically excluded by statute. Id. § 40-35-303(a). Probation is to be automatically considered as a sentencing alternative for eligible defendants; however, the burden of proving suitability for probation rests with the defendant. Id. § 40-35-303(b). In determining whether to grant probation, the court must consider the nature and circumstances of the offense; the defendant's criminal record; his or her background and social history; his or her present condition, including physical and mental condition; the deterrent effect on the defendant; and the likelihood that probation is in the best interests of both the public and the defendant. See Stiller v. State, 516 S.W.2d 617, 620 (Tenn. 1974); State v. Kendrick,

10 S.W.3d 650, 656 (Tenn. Crim. App. 1999).

Defendant contends that the trial court improperly denied defendant a suspended sentence by requiring defendant's sentence to be served in incarceration. We disagree and affirm the trial court's judgment.

Initially, we note that defendant is eligible for probation because the length of the sentence is less than eight years. Moreover, because defendant was sentenced as a Range I Standard Offender, he is presumed to be a favorable candidate for alternative sentencing. However, entitlement to the presumption requires that defendant fall within the requisites of Tennessee Code Annotated section 40-35-102(5), which states that a defendant cannot have a criminal history that shows a "clear disregard for the laws and morals of society" or "failure of past efforts at rehabilitation."

In sentencing defendant, the trial court judge stated:

> Okay. Well, not only does he have - Mr. Boyd have a substantial record, including the felony aggravated-assault case in '96 for which he was placed on probation for two years, and the cocaine case in '92, for which he received an eleven/twenty-nine suspended sentence, but in this case, the first arrest came when a warrant was served, and they arrested your client.
>
> OCU executed a search warrant naming your client in the search warrant, but he didn't learn a whole lot from that because a month later he was arrested selling marihuana again. And so not only has he been on probation twice, but he also had the warning of being arrested when that warrant was served, and that still wasn't enough to convince him that he shouldn't be selling marihuana. A month later, he's picked up again. So I think it's time for him to actually serve his sentence, and maybe that will convince him that he doesn't need to be selling marihuana.

The record in this case reveals that defendant, as noted in the trial court's statements, has a history of drug arrests and convictions. Indeed, in his testimony, defendant stated that although he does not use drugs, he has sold them in the past. Therefore, defendant's involvement with illegal substances seems to be strictly driven by the desire to make a profit. We conclude that these actions and the corresponding convictions indicate that defendant has little regard for the laws and morals of the State of Tennessee. Further, the State correctly points out, as does the trial judge, that defendant has an unsuccessful rehabilitative history. We conclude that his past failures as one serving on alternative sentencing and his disregard for the laws of this state rebut the presumption that defendant is a favorable candidate for alternative sentencing. By his previous criminal conduct,

defendant has demonstrated that measures less restrictive than incarceration have proven fruitless. As such, we affirm the denial of a suspended sentence.

## II.    *Admission of Evidence Regarding Defendant's Involvement in Selling Drugs*

Defendant asks this Court to find plain error when the trial court allowed the following exchange between the State and defendant during cross-examination:

| | |
|---|---|
| Question: | Are you familiar with Lieutenant Garrett, Bing Hampton COAC Department? |
| Answer: | No, sir. |
| Question: | He said you were known as Big A and that you were the - one of the major sup- classified as a supplier in that neighborhood.  Would that be the truth? |
| Answer: | No, sir. |
| Question: | You weren't a supplier of marihuana in that neighborhood - the Bing Hampton neighborhood? |
| Answer: | No, sir. |
| Question: | Well, you were a seller of it, weren't you? |
| Answer: | Yes, sir. |

The record reveals that defendant made no objection to the admission of this testimony.

Pursuant to Rule 52(b) of the Tennessee Rules of Criminal Procedure, this Court has the discretion to notice an error that has affected the substantial rights of an accused when necessary to do substantial justice.  In State v. Adkisson, 899 S.W.2d 626, 641 (Tenn. Crim. App. 1994), this Court noted five factors in determining whether an issue merits plain error status:

(1) the record must clearly establish what happened in the trial court;

(2) a clear and unequivocal rule of law must have been breached;

(3) a substantial right of the accused must have been adversely  affected;

(4) the accused did not waive the issue for tactical reasons; and

(5) consideration of the error is necessary to do substantial justice.

Out of court statements are generally not admissible because they are considered to be hearsay.  See Tenn. R. Evid. 801, 802.  The statement by Lieutenant Garrett was out of court and in this case would constitute hearsay.  However, by failing to make a contemporaneous objection to the testimony, defendant has waived this issue.  State v. Thompson, 36 S.W.3d 102, 108 (Tenn. Crim. App. 2000).   Further, as the State correctly points out, it is clear from the transcript of the proceedings that the trial court imposed the sentence based on defendant's prior criminal activity and unsuccessful attempts at serving an alternative sentence, not this particular testimony.  Finally, defendant has not demonstrated that a substantial right has been adversely affected, a requirement for the plain error doctrine to be invoked under Tennessee Rule of Criminal Procedure 52. The issue is without merit.

## CONCLUSION

Accordingly, we affirm the judgment of the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE