# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs May 14, 2003

## STATE OF TENNESSEE v. GIESELA ROBINSON

**Direct Appeal from the Criminal Court for Putnam County**
**No. 01-0207     Leon Burns & Lillie Ann Sells, Judges**

---

**No. M2002-00548-CCA-R3-CD - Filed June 10, 2003**

---

The Defendant pled guilty to one count of facilitation of the possession of over .5 grams of cocaine with the intent to sell or deliver, a Class C felony. In accordance with her plea agreement, she was sentenced to a term of six years, with the manner of service of the sentence to be determined by the trial court. After a sentencing hearing, the trial court ordered her sentence to be served in the Department of Correction. In this appeal, the Defendant argues that the trial court erred by not granting her probation or some other form of alternative sentence. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and ALAN E. GLENN, JJ., joined.

H. Marshall Judd, Cookeville, Tennessee, for the appellant, Giesela Robinson.

Paul G. Summers, Attorney General and Reporter; Renee W. Turner, Assistant Attorney General; Bill Gibson, District Attorney General; and David Patterson, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The Defendant was charged in a seven-count indictment with (1) possession of over .5 grams of cocaine with the intent to sell; (2) possession of over .5 grams of cocaine with intent to deliver; (3) possession of drug paraphernalia; (4) possession of Schedule IV controlled substances with the intent to sell; (5) possession of Schedule IV controlled substances with intent to deliver; (6) tampering with or fabricating evidence; and (7) resisting arrest. In a negotiated plea agreement, the Defendant pleaded guilty to one count of facilitation of possession of over .5 grams of cocaine with the intent to sell, a Class C felony. Her plea agreement provided for a sentence of six years, with the manner of service of the sentence to be determined by the trial court. In exchange for her guilty plea,

the State agreed to nolle all other charges set forth in the indictment. Following a sentencing hearing, the trial court denied any alternative sentencing options and ordered the Defendant to serve her sentence in the Department of Correction. The Defendant now appeals, arguing that the trial court should have granted her probation or some other alternative to incarceration in the Department of Correction.

When an accused challenges the length, range, or manner of service of a sentence, this Court has a duty to conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. See Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

When conducting a de novo review of a sentence, this Court must consider: (a) the evidence, if any, received at the trial and sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) any statutory mitigating or enhancement factors; (f) any statement made by the defendant regarding sentencing; and (g) the potential or lack of potential for rehabilitation or treatment. See Tenn. Code Ann. §§ 40-35-102, -103, -210; State v. Brewer, 875 S.W.2d 298, 302 (Tenn. Crim. App. 1993); State v. Thomas, 755 S.W.2d 838, 844 (Tenn. Crim. App. 1988).

If our review reflects that the trial court followed the statutory sentencing procedure, that the court imposed a lawful sentence after having given due consideration and proper weight to the factors and principles set out under the sentencing law, and that the trial court's findings of fact are adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result. See State v. Pike, 978 S.W.2d 904, 926-27 (Tenn. 1998); State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

A defendant who "is an especially mitigated or standard offender convicted of a Class C, D, or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6); State v. Lane, 3 S.W.3d 456, 462 (Tenn. 1999). Guidance regarding what constitutes "evidence to the contrary" which would rebut the presumption of alternative sentencing can be found in Tennessee Code Annotated section 40-35-103(1), which sets forth the following considerations:

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant[.]

See State v. Hooper, 29 S.W.3d 1, 5 (Tenn. 2000); State v. Ashby, 823 S.W.2d 166, 170 (Tenn. 1991).

Additionally, the principles of sentencing reflect that the sentence should be no greater than that deserved for the offense committed and should be the least severe measure necessary to achieve the purposes for which the sentence is imposed. See Tenn. Code Ann. § 40-35-103(2), (4). The court should also consider the potential for rehabilitation or treatment of the defendant in determining the appropriate sentence. See id. § 40-35-103(5).

A defendant is eligible for probation if the actual sentence imposed upon the defendant is eight years or less and the offense for which the defendant is sentenced is not specifically excluded by statute. See Tenn. Code Ann. § 40-35-303(a). Probation is to be automatically considered as a sentence alternative for eligible defendants; however, the burden of proving suitability for probation rests with the defendant. See id. § 40-35-303(b).

In determining whether to grant probation, the court must consider the nature and circumstances of the offense; the defendant's criminal record; his or her background and social history; his or her present condition, including physical and mental condition; the deterrent effect on the defendant; and the likelihood that probation is in the best interests of both the public and the defendant. See Stiller v. State, 516 S.W.2d 617, 620 (Tenn. 1974); State v. Kendrick, 10 S.W.3d 650, 656 (Tenn. Crim. App. 1999). If the court determines that a period of probation is appropriate, it shall sentence the defendant to a specific sentence but then suspend that sentence and place the defendant on supervised or unsupervised probation either immediately or after the service of a period of confinement. See Tenn. Code Ann. §§ 40-35-303(c), -306(a).

We glean from the guilty plea transcript and presentence report that the charges against the Defendant resulted from a drug investigation and the execution of a search warrant for the residence of the Defendant's co-defendant, where the Defendant was also present. The search produced approximately twenty grams of cocaine, scales, miscellaneous paraphernalia, and over thirty tablets determined to be altrazolam, diazepam and clonazepam. At the time the search warrant was executed, the Defendant was discovered by the officers attempting to flush several bags of cocaine down a toilet. When the police attempted to apprehend her, the Defendant attempted to evade the officers and resisted arrest.

According to the presentence report, at the time of sentencing the Defendant was thirty-nine years old and single. Her formal education ended with the eleventh grade, and she reported having no significant employment history. She was unemployed at the time of her arrest. Although the record does not contain a verbatim transcript of the sentencing hearing,[1] the Defendant did file a very brief statement of the evidence presented at the sentencing hearing pursuant to Rule 24(c) of the Tennessee Rules of Appellate Procedure. According to this statement of the evidence, the Defendant testified that she had "previously went into drug rehabilitation prior to her sentencing hearing and

---

[1]The record reflects that the tape of the sentencing hearing was destroyed in a flood.

was willing to continue with any necessary treatment for her addiction." The statement also reflects that the Defendant "felt that she had taken steps to rehabilitate herself and could be a law-abiding citizen."

> In her presentence report, the Defendant submitted the following statement:
> I was living with Leroy Martin for a while and we both happened to get hooked on cocaine. I basically feel and think I was at the wrong place at the wrong time. I did grab the drugs off the coffee table and tried to flush them. To me that was automatic first instinct also being strung out I was frightened and not thinking clearly at all.

According to the statement of the evidence presented at the sentencing hearing, the trial judge denied alternative sentencing options and ordered her sentence served in the Department of Correction based primarily upon the Defendant's prior criminal history. The presentence report certainly reflects a significant prior criminal history. The report reflects that, during 2001, the Defendant received approximately thirty convictions, apparently all misdemeanors, for passing worthless checks. These offenses were committed within a time-frame of about eight months. For each of these offenses, she received a sentence of eleven months and twenty-nine days, and some of the sentences were apparently ordered to be served consecutively. Most of the jail time was suspended, although she was ordered to serve some time in the county jail.

In 1986, the Defendant was convicted of driving while under the influence of an intoxicant. In addition to a fine and suspended sentence, she was ordered to serve forty-five days in confinement.

At the time the Defendant pled guilty in this case, she was serving a ninety-day term in the county jail as a result of her probation being revoked. She had been on probation for a conviction for simple possession of cocaine. Also, the presentence report reflects that there were two worthless check charges pending against the Defendant in an adjoining county at the time the presentence report was prepared.

It is apparent from the record that, except for the 1986 DUI conviction, the Defendant did not have a significant record of criminal activity prior to June of 2000, when the search warrant in this case was executed. It is also apparent from the record that, at the time the Defendant was sentenced in this case, she had quickly accumulated a significant number of criminal convictions. We conclude that the Defendant's history of criminal conduct is sufficient to rebut the presumption that she was entitled to an alternative sentence. For the same reason, we conclude that the trial judge acted within her discretionary authority when she ordered the Defendant's sentence to be served in the Department of Correction.

The Defendant also asserts that her co-defendant received probation and that her sentence should be no more onerous than his. She notes that one of the purposes of our sentencing law is to eliminate unjustified disparity in sentencing. See Tenn. Code Ann. § 40-35-102(2). The record before us does not contain a transcript of the co-defendant's guilty plea or sentencing hearing.

-4-

According to the co-defendant's presentence report, which is in the record, he had only one prior criminal conviction, a misdemeanor drug conviction. The record in this case does not support a finding of unjustified disparity in sentencing. This argument has no merit.

The judgment of the trial court is accordingly affirmed.

_____
DAVID H. WELLES, JUDGE