**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT JACKSON**

**JULY 1999 SESSION**

**FILED**

**September 3, 1999**

**Cecil Crowson, Jr.
Appellate Court Clerk**

|  |  |  |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| Appellee, | ) | C.C.A. No. 02C01-9812-CC-00385 |
| vs. | ) | Hardin County |
| **JEFFERY RUSSELL UTLEY,** | ) | Hon. C. Creed McGinley, Judge |
| Appellant. | ) | (Sentencing) |

FOR THE APPELLANT:

**GUY T. WILSON**
District Public Defender

**RICHARD W. DEBERRY**
Assistant Public Defender
117 North Forrest Avenue
Camden, TN 38320

FOR THE APPELLEE:

**PAUL G. SUMMERS**
Attorney General & Reporter

**PATRICIA C. KUSSMAN**
Assistant Attorney General
425 Fifth Ave. N., 2d Floor
Nashville, TN 37243-0493

**G. ROBERT RADFORD**
District Attorney General
111 Church Street
Huntingdon, TN 38344

**JOHN W. OVERTON**
Assistant District Attorney General
P.O. Box 484
Savannah, TN 38372-0484

OPINION FILED:_____

AFFIRMED

**JAMES CURWOOD WITT, JR., JUDGE**

**OPINION**

The defendant, Jeffery Russell Utley, appeals from his sentences imposed for arson and theft in the Hardin County Circuit Court. See Tenn. Code Ann. §§ 39-14-301(a), -14-103 (1997). The trial court imposed concurrent three-year sentences in the Tennessee Department of Correction. In this direct appeal, the defendant challenges the manner of service of his sentences. After a review of the record, the briefs of the parties, and the applicable law, we affirm the trial court.

The facts of this case are not described in detail in the record. On October 14, 1998, the defendant pleaded guilty to arson and theft. The guilty plea for arson arose out of a May 29, 1998 incident in which the defendant set fire to an apartment which caused some damage. The theft offense occurred on June 7, 1998, when the defendant and his codefendant stole a Nissan pickup truck valued over a thousand dollars ($1000).[1]

At the time of sentencing, the 23-year old defendant had a sparse employment history. He had been married for a few months and had two step-children. He dropped out of high school, but he later obtained his GED. The defendant has previous convictions for assault, aggravated assault, theft, possession and distribution of intoxicating liquor, and DUI.

_____

[1] The value of the truck is not apparent from the record. This value is in direct correlation to the classification of the offense of theft. There are several references to the defendant being convicted of a Class C felony for theft, which correlates to a theft of over $10,000 but less than $60,000. See Tenn. Code Ann. § 39-14-105(4) (1997). However, the presentence report reflects the defendant was indicted for theft over $1000 but less than $10,000, a Class D felony. See Tenn. Code Ann. § 39-14-105(3) (1997). Neither the judgment nor indictment for the theft offense are in the appellate record. However, this matter is not relevant to our determination in this case.

The defendant contends he should have been granted some form of alternative sentencing. When there is a challenge to the length, range, or manner of service of a sentence, it is the duty of this court to conduct a *de novo* review of the record with a presumption that the determinations made by the trial court are correct. See Tenn. Code Ann. § 40-35-401(d) (1997). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). "The burden of showing that the sentence is improper is upon the appellant." Id. In the event the record fails to demonstrate the required consideration by the trial court, review of the sentence is purely *de novo*. Id. If appellate review reflects the trial court properly considered all relevant factors and its findings of fact are adequately supported by the record, this court must affirm the sentence, "even if we would have preferred a different result." State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

In making its sentencing determination, the trial court, at the conclusion of the sentencing hearing, determines the range of sentence and then determines the specific sentence and the propriety of sentencing alternatives by considering (1) the evidence, if any, received at the trial and the sentencing hearing, (2) the presentence report, (3) the principles of sentencing and arguments as to sentencing alternatives, (4) the nature and characteristics of the criminal conduct involved, (5) evidence and information offered by the parties on the enhancement and mitigating factors, (6) any statements the defendant wishes to make in the defendant's behalf about sentencing, and (7) the potential for rehabilitation or treatment. See Tenn. Code Ann. § 40-35-210(a), (b) (1997); Tenn. Code Ann. § 40-35-103(5) (1997); State v. Holland, 860 S.W.2d 53, 60 (Tenn. Crim. App. 1993).

In the present case, the trial court's sentencing determination is

3

entitled to the presumption of correctness because the record reflects that it considered the relevant sentencing principles.

A defendant "who is an especially mitigated or standard offender convicted of a Class C, D, or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to contrary." Tenn. Code Ann. § 40-35-102(6) (1997). Thus, a defendant who meets the criteria of section 40-35-102(6) is presumed eligible for alternative sentencing unless sufficient evidence rebuts the presumption. However, offenders who meet the criteria are not automatically entitled to such relief because sentencing issues should be determined by the facts and circumstances presented in each case. State v. Taylor, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1987).

The defendant, a Range I standard offender, enjoyed the presumption of favorable candidacy for alternative sentencing for the offenses involved in this case. See Tenn. Code Ann. § 40-35-102(6) (1997). Further, the defendant was eligible for probation because his effective sentence was three years. See Tenn. Code Ann. § 40-35-303(a) (1997). In determining whether to grant probation, the judge must consider the nature and circumstances of the offense, the defendant's criminal record, his background and social history, his present condition, including his physical and mental condition, the deterrent effect on other criminal activity, and the likelihood that probation is in the best interests of both the public and the defendant. See Stiller v. State, 516 S.W.2d 617, 620 (Tenn. 1974). The defendant bears the burden of establishing suitability for probation, even when the defendant is presumed to be suitable for alternative sentencing. See Tenn. Code Ann. § 40-35-303(a)-(b) (1997).

4

The trial court implicitly found the defendant was not amenable to rehabilitation because measures less restrictive than confinement had proven unsuccessful. The trial court noted the defendant's felony record and the fact that the defendant "failed to abide by the rules and regulations" of previous alternative sentences. In view of these facts, the defendant failed to carry the burden of establishing his suitability for probation. The trial court's determination that the defendant was not a fit candidate for probation is amply supported by the record.

Turning to other forms of alternative sentencing, an offender is eligible for the Community Corrections program, if he meets the following criteria:

> (1) Persons who, without this option, would be incarcerated in a correctional institution;
>
> (2) Persons who are convicted of property-related, or drug/alcohol-related felony offenses or other felony offenses not involving crimes against the person . . .
>
> (3) Persons who are convicted of nonviolent felony offenses;
>
> (4) Persons who are convicted of felony offenses in which the use or possession of a weapon was not involved;
>
> (5) Persons who do not demonstrate a present or past pattern of behavior indicating violence;
>
> (6) Persons who do not demonstrate a pattern of committing violent offenses; and
>
> Persons who are sentenced to incarceration or on escape at the time of consideration will not be eligible.

Tenn. Code Ann. § 40-36-106(a)(1)-(6) (1997). Although the trial court did not make a finding regarding whether the defendant was eligible for community corrections, we find the defendant to be ineligible. The defendant was convicted of assault and aggravated assault, which indicates a past pattern of violent behavior. See Tenn. Code Ann. § 40-36-106(a)(5) (1997). Thus, the trial court did not err in denying a community corrections sentence.

5

There is additional evidence in the record to rebut the presumption of the defendant's candidacy for alternative sentencing. For all the defendant's previous sentences, he received at least a period of probation. However, he continued to commit offenses and his probationary sentences were revoked. Therefore, the record supports the trial court's finding that confinement was necessary because "measures less restrictive than confinement have frequently . . . been applied unsuccessfully to the defendant." Tenn. Code Ann. § 40-35-103(1)(C) (1997).

Accordingly, the evidence supports sentences of total confinement. The judgment is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE

CONCUR:

_____
JOSEPH M. TIPTON, JUDGE

_____
JOHN EVERETT WILLIAMS, JUDGE